METROPOLITAN LIFE INS. CO. v. WALTON.—83 S. W. (2d) 274.

Eastern Section. November 3, 1934.

Petition for Certiorari denied by Supreme Court, May 17, 1935.

Shelburne Ferguson and Kelly & Penn, all of Kingsport, for plaintiff, in error, Metropolitan Life Ins. Co.

John R. Todd. Jr., and R. B. Dade, both of Kingsport, for defendant in error, Walton.

CROWNOVER, J. This action was brought by the beneficiary. Cleo Walton, against the Metropolitan Life Insurance Company to recover on an insurance policy, known as a group policy, the master policy having been issued and delivered on July 1, 1919, and rewritten on September 1, 1928, to the Pennsylvania-Dixie Cement Corporation. at Kingsport. the employer, and the certificate on same having been issued, on June 1, 1930, to Conley Walton, now deceased, providing for weekly payments to Walton in case of total and permanent disability, or $1,000 to the beneficiary on the death of insured; it having been averred in the declaration that Conley Walton. while this policy was in force, had become totally and permanently disabled by reason of having developed high blood pressure from which he later died. and that due proof of disability and notice of death had been given the defendant insurance company.

Defendant insurance company filed plea of nil debet and special pleas setting up that Conley Walton did not become totally and permanently disabled while the policy was in force; that no claim or proof of such total and permanent disability had ever been furnished defendant insurance company; that the death of said Conley Walton did not occur while he was an employee of said cement corporation. but that subsequent to the date of the termination of said employment, and prior to the death of said Conley Walton. said insurance contract was terminated; and that the insurance company was not promptly notified of the death of Conley Walton.

The case was tried by the judge and a jury. At the close of plaintiff's evidence and again at the conclusion of all the evidence the defendant moved the court for a directed verdict in its favor, which motions were overruled. The jury returned a verdict in favor of plaintiff for $1,000, payable in 60 monthly installments of $18 each.

Motion for a new trial having been overruled. defendant insurance company appealed in error to this court and has assigned errors. which are. in substance, as follows:

(1) There is no evidence to support the verdict. because Conley Walton did not become totally and permanently disabled while the

policy was in force, and the court erred in not directing a verdict for the insurance company.

(2) The court erred in failing to direct a verdict for the defendant on the ground that no claim or proof of disability was given to the insurance company, as required by the policy.

(3) The court erred in refusing to direct a verdict for defendant on the ground that the notice given the insurance company of the death of Conley Walton was not given within a reasonable length of time after his death.

(4) The court erred in permitting the plaintiff, Cleo Walton, over the objection of the defendant, to testify as to the contents of alleged proofs of disability which she had seen her husband, Conley Walton, the insured, mail to the defendant, when no predicate had been laid for the admission of such secondary evidence; the instruments testified about being the best evidence.

(5) The court erred in instructing the jury as follows:

"The plaintiff, Cleo Walton, widow of the deceased, Conley Walton, sues the defendant, Metropolitan Life Insurance Company, for the sum of $1,000, averring in her declaration that her husband Conley Walton, was employed by the Penn-Dixie Cement Corporation and that on June 1st, 1930, the defendant corporation issued and delivered to the said Conley Walton a certain certificate of insurance, in the sum of $1,000, and that it was provided in the certificate of insurance, which is controlled by what is known as the general Group Policy, which is also filed as a part of the record, that in case the employee, C. W. Walton became disabled from disease, accident or otherwise during the time of employment, and during the time covered by this certificate of insurance, that the defendant would pay sixty installments of $18 each per month; that the plaintiff is made the beneficiary in this policy, that is: if there is any liability on the policy it inures to the benefit of the widow or wife of the deceased. . . .

"I instruct you, gentlemen of the jury, that before you could find in favor of the plaintiff in this case, you would have to find by a preponderance of the evidence, first that her husband was employed by this defendant, the Pennsylvania Dixie Cement Corporation and that while he was in the employ of this defendant that a certificate of insurance was issued to him, and that while he was in the employment of the company he became so disabled from disease or accident or otherwise as that he was wholly disabled to perform any sort of labor for compensation or profit. Now, if it appears from the evidence, to the exclusion of reasonable doubt that all of these things are true, then the plaintiff, as beneficiary under the policy, would be entitled to recover of the defendant the face of the policy, $1,000, payable in sixty equal installments of $18 each. . . .

"In other words, while he was in the employment of the company and performing the labor for which he was employed to perform, did he become disabled from disease, injury or otherwise, so disabled that he could not do any sort of work or perform any work from which he would derive compensation or profit."

Conley Walton, a laborer, was employed by the Pennsylvania Dixie Cement Corporation for ten years, from about 1921 to 1931.

On April 2, 1924, a policy was issued, that is, the certificate issued to Walton, in the sum of $1,000, providing for disability benefits. On June 1, 1930, the company issued to him another policy, which is the policy sued on and involved in this cause. Each of the certificates was issued under and subject to the terms and conditions if the said group policy No. 283G. The first certificate, dated April 2, 1924, is not sued on in this action, and no reason is given why it was not sued on.

In the latter part of 1928 or in 1929, Conley Walton was sick and had a medical examination. Dr. Keener examined him and found he had high blood pressure, of 240 to 250.

The doctor advised him to do light work, not to get hot, and not to overexert himself.

He continued to work at the Cement plant until the plant closed down on November 23, 1930.

He dropped dead on February 25, 1931, at the age of about forty-five years.

On June 8, 1932, notice was mailed to the insurance company that Conley Walton had become totally and permanently disabled on July 10, 1930, and died on February 25, 1931, but the insurance company retained proofs of loss without comment.

The provisions of the master policy as to total and permanent disabilities are as follows:

"Total and Permanent Disability Benefits.—Upon receipt, at its Home Office in the City of New York, of due proof that any Employee, while insured hereunder, and prior to his sixtieth birthday, has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, the Company will waive the payment of further premiums as to such Employee and three months after receipt of such proof, will commence to pay, in lieu of the payment of insurance at his death, monthly installments as defined below to the said Employee or to a person designated by him for the purpose; or, if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record of the said Employee, and will continue such payments for the period provided below, should the insured continue totally and permanently disabled."

The provisions of the certificate issued on June 1, 1930, are as follows:

"If death occur while the employee is in the employ of the employer and while said Group Policy is in force, the amount of insurance in force thereunder on said employee, will be paid to Cleo Walton, Beneficiary. . . .

"In all cases, insurance will become effective only if employee is then actively at work; if employee is not actively at work, insurance will be effective on date of return to work. . . .

"Any employee insured under this plan who shall become wholly and permanently disabled while in our employ before reaching the age of 60, either by accidental injury or disease, and is thereby permanently, continuously and wholly prevented from pursuing any and all gainful occupation, will be regarded as a claimant by the Metropolitan Life Insurance Company. Six months after the receipt of due proof of such disablement, the Insurance Company will begin making payments of the amount of insurance under any one of the following plans at the option of the person insured. . . .

"In the event of the death of the insured during the period of total permanent disability, any installments remaining unpaid shall be payable to the designated beneficiary."

The first assignment is that there is no evidence to support the verdict, and the court erred in not directing a verdict in favor of the insurance company. Under this assignment it is insisted, first, that the insured became disabled before his certificate was issued to him on June 1, 1930; second, that he was not totally and permanently disabled and was therefore not entitled to disability benefits under the policy; and, third, that he was not an employee of the cement company at the time of his death, and for this reason his beneficiary is not entitled to the benefits.

██ ██  First. We are of the opinion that the assignment on the first proposition shall be sustained, as there is no evidence that Walton was in good health prior to the issuance of the policy, and that he became disabled (if he did become disabled) after the policy was issued.

The certificate sued on was issued on June 1, 1930, and all the evidence in the case is to the effect that he had high blood pressure, 240 to 250, in 1928 and 1929, when the doctors examined him, and the court should have directed a verdict. The plan provides for application for and the issuance of a certificate to the employee thus insured. The total and permanent disability benefit clause above quoted provides in part: "Upon receipt, at its home office in the City of New York, of due proof that any employee, while insured hereunder . . . has become totally and permanently disabled," the company will pay, etc. The clause. "Any employee insured under this plan who shall become wholly disabled while in our

employ . . . either by accidental injury or disease, and is thereby permanently, continuously and wholly . prevented from pursuing any gainful occupation, will be regarded as a claimant,'' refers to diseases and injuries arising after the application was made and the policy issued. 6 Cooley's Briefs on Insurance (2 Ed.), 5588.

''In the absence of stipulation to the contrary an accident insurance policy takes effect from its date, and a policy bearing a given date and insuring for the future only, will not permit a recovery for a loss occurring prior to such date.'' 1 C. J., 408, sec. 18.

■ Second. We are of the opinion that the court should have directed a verdict on the second proposition; that is, the insured was not totally and permanently disabled within the meaning of the policy. The testimony of the doctors is that in the latter part of 1928 or 1929 Walton had blood pressure of 240 to 250, which they said was a condition of total and permanent disability, but they admitted that they had advised him to do light work, and that he continued at his same work until his discharge in December, 1930. While it is testified that the work he did at the cement plant from that time until he was laid off was light work out in the air, yet he was able to perform his regular work at the plant, and we think that when a man is able to perform his regular work he is not totally and permanently disabled within the meaning of his policy. We think the case of Bowen v. Metropolitan Life Insurance Company, 17 Tenn. App., 322, 67 S. W. (2d), 164, is very much in point, and it was held in that case that the insured was not totally and permanently disabled within the meaning of the policy.

■ Ordinarily the question of the insured's total and permanent disability is an issue of fact to be determined on the evidence in each individual case, and is a question for the jury. Metropolitan Life Insurance Co. v. Noe, 161 Tenn., 335, 31 S. W. (2d), 689. But where the evidence is not contradicted and only one conclusion can be drawn therefrom, then there are no issues to be submitted to the jury.

■ Third. We think the court was correct in not directing a verdict on the third proposition, that is, that the insured was not an employee of the cement company at the time he died, and for this reason his beneficiary should not collect the proceeds of the policy. It is true that the certificate provides that the beneficiary can only recover where the insured dies while an employee of the cement company and while the policy is in force, but there is another clause which provides that: ''In the event of the death of the insured during the period of total permanent disability, any installments remaining unpaid shall be payable to the designated beneficiary.'' The beneficiary is entitled to recover, if at all, under this clause, and the assignment on this proposition is overruled.

The assignment that the court erred in failing to direct a verdict for the defendant on the ground that no claim or proof of disability was given to the insurance company, as required by the policy, is not well made and should be overruled for the reason that the proof shows that the attorney for the beneficiary wrote the company about his disability and death, which proofs of loss the insurance company kept without objection, and it thereby waived further proofs of loss. Johnson v. Scottish Union Insurance Company, 160 Tenn., 152, 22 S. W. (2d), 362, 4 A. L. R., 1304.

The third and fourth assignments, that the court erred in refusing to direct a verdict for the defendant on the ground that notice given the insurance company of the death of Conley Walton was not given within a reasonable length of time after his death, and that the court erred in permitting the plaintiff to testify as to the contents of proof of disability mailed to the defendant by Conley Walton, are well made and should be sustained.

Under the undisputed proof the insured became disabled in the fall of 1928, and he died on February 25, 1931, and notice was given the company on June 8, 1932, which was almost four years after he was permanently disabled, and more than three months after he died. The policy does not require that notice be given, but it does require due proofs of total and permanent disability or death, and this must be furnished within a reasonable time. What is a reasonable time is ordinarily a question for the jury. 7 Cooley's Briefs on Insurance, 5915, 5916; Metropolitan Casualty Insurance Co. v. Johnston, 247 F., 65, 7 A. L. R., 175. But there must come a point where the matter becomes one for the decision of the court, where a delay, by reason of its duration and lack of attendant excusing circumstances, is clearly unreasonable, it is the duty of the court so to declare. 7 Cooley's Brief on Insurance (2 Ed.), 5916; 14 R. C. L., 1329.

The court should not have admitted the evidence of Mrs. Cleo Walton that she saw her husband, Conley Walton, mail notice of his disability to the insurance company in the summer of 1930. The nonproduction of the notice had not been accounted for, nor had it been shown that notice had been given to the insurance company to produce it. Farnsworth v. Sharp, 37 Tenn., 615.

The fifth assignment complains of the court's charge wherein the court said that if the insured became "wholly disabled" while employed by the cement plant and while the policy was in force he was entitled to recover. It is complained that the court did not instruct the jury that the insured must be also permanently disabled. This assignment must be overruled, for the

court in another paragraph told them that the issue was whether insured "became totally and permanently disabled as the result of bodily injury or disease, so as to be prevented from engaging in any occupation and performing any work as provided by the contract of insurance," etc. We think this sufficiently covers the proposition, as there was no request for further instructions.

It results that most of the assignments of errors having been sustained, the judgment must be reversed and the action dismissed, as the motion for a directed verdict should have been sustained. The cost of the cause including the cost of the appeal is adjudged against Mrs. Cleo Walton.

Faw, P. J., and DeWitt, J., concur.