MELVIN THOMAS McLAWHORN v. AMERICAN CENTRAL LIFE
INSURANCE COMPANY, INDIANAPOLIS, INDIANA.

(Filed 1 November, 1935.)

**Insurance R c: Estoppel C b—Plaintiff held estopped to maintain action
on disability clause in life insurance policy.**

Insurer began paying disability benefits to insured upon receipt of due proof of disability under the policy. Insured's disability had its inception several years prior to the time insurer began paying disabilty benefits, and insured instituted this action for back disability benefits, contending that he had furnished due proof of disability at its inception. The evidence tended to show that insured, for years after the inception of the disability, corresponded with insurer as to extension of time for payment of premiums, paid the premiums by borrowing on the policy and by other means, and during this time never demanded waiver of payment of premiums as provided for in the disability clause, and thereafter requested the blanks for proof of disability and furnished the proof upon which insurer began paying the disability benefits. *Held:* Conceding that there was sufficient evidence that defendant furnished due proof of disability at its inception, insured is estopped by his conduct from maintaining this action for disability benefits for the period between the inception of the disability and the time insurer began paying the benefits under the terms of the policy.

Appeal by plaintiff from *Barnhill, J.,* at May Term, 1935, of Pitt. Affirmed.

This is an action, brought by plaintiff against defendant, to recover on Policy No. 143026, issued by defendant to plaintiff on 11 September, 1925, for death, $3,000, and for total and permanent disability benefit.

The language of the policy is, in part: "American Central Life Insurance Company, Indianapolis, agrees to pay three thousand dollars, the amount of insurance, for the consideration and under the conditions

stated herein, to the beneficiary, Bessie S. McLawhorn, wife of the insured, Melvin Thomas McLawhorn."

The policy also provides: "The amount of insurance is payable to the beneficiary *Immediately* upon receipt of due proof of death of the insured and of the interest of the claimant. . . . Disability of the insured within the meaning of this supplemental contract shall exist if the insured, as the result of accident or disease, shall have become totally, permanently, and incurably disabled to such an extent that he is thereby prevented and will be presumably permanently and continuously thereby prevented from performing any work for compensation or profit, or from following any gainful occupation. . . . Even though proof of disability may have been accepted, the company may demand of the insured from time to time, but not oftener than once a year, proof of the continuance of such disability; and if such proof is not furnished on the company's demand, or if it shall appear that the insured is able to perform any work for compensation or profit, or to follow any gainful occupation, no further premiums will be waived and no further income payments will be made, but the premiums already waived and the income payments already made by the company shall not become a policy indebtedness." The annual premium is $84.78, including death and disability, and have been paid. The policy provides for certain loans and automatic premium loans.

The plaintiff alleges in his complaint that on 15 July, 1929, in accordance with the policy, he furnished to defendant proof of total and permanent disability, and that "the defendant is indebted to plaintiff in the sum of $423.00, and interest for the return of premiums erroneously paid and collected, and in the further sum of $1,485, and interest thereon, for disability benefits due for the plaintiff's disability under the provisions of said policy up to 25 February, 1934."

The defendant denied that due proof was made by plaintiff to it as above alleged, and pleads estoppel. It says, in part: "That the policy sued on was issued 11 September, 1925, and the plaintiff paid or arranged to be paid the premiums thereon, and for several years secured loans from the defendant with which to meet said premiums. That in and by the terms, conditions, and provisions of the policy, no amount was to become due under the disability clause until the company received due proof of the disability of the insured, as therein defined, and not until February, 1934, did the defendant receive such proof. That for several years prior to 1934 the plaintiff paid or arranged to be paid the premiums, without filing any claim or due proof of disability, and his failure to file said notice or due proofs of disability and payment of premium was and should be construed as a waiver of any and all rights or claims now made in this proceeding, and, in law and truth estops the

plaintiff from asserting such claim, and the defendant pleads the same in bar of any recovery."

At the close of plaintiff's evidence the court below, upon motion of defendant, rendered judgment as of nonsuit. C. S., 567. The plaintiff excepted, assigned error, made other exceptions and assignments of error, and appealed to the Supreme Court. The material assignments of error and other necessary facts will be set forth in the opinion.

*Lewis G. Cooper and Albion Dunn for plaintiff.*
*J. B. James for defendant.*

CLARKSON, J. From the evidence in the record it appears that the plaintiff, from 15 July, 1929, was, under the terms of the policy, "prevented from performing any work for compensation or profit or from following any gainful occupation."

The following letter, which is in the record, was sent by plaintiff to defendant: "Greenville, N. C., 9 February, 1934. The American Central Life Insurance Company, Indianapolis, Ind. Dear Sir: Please send me three (3) blanks 'In Disability Benefit' on my Policy No. 143026. I am unable to work or do anything at all. Several doctors will certify that I am unable to work. Yours truly, Melvin Thomas McLawhorn."

It is further in the record: "Counsel then shows the witness a check, dated 3 April, 1934, for $60.00, and asked the witness if he endorsed that check, to which he answered: 'I reckon I did.' The check was in the form and words following: 'American Central Life Insurance Company, No. 337835, Indianapolis, April 3, 1934. Pay to Melvin Thomas Mc-Lawhorn or order $60.00. Sixty and 00/100 Dollars. Monthly disability payments for 2-26-34 and 3-10-34—Policy 143026. American Central Life Ins. Company, Edward M. To Indiana National Bank, Indianapolis, Ind.' That was the first check that came to me. Witness was then asked the question: 'You accepted that check and endorsed it and got the money on it?' 'A. Yes, sir.'"

This check was dated 3 April, 1934, and was for two monthly disability payments—$30.00 a month, as provided by the policy. This action was commenced on 30 July, 1934, some five years later, for back disability payments, from 15 July, 1929, to 26 February, 1934, the time when no question is made that proper notice under the policy was given by plaintiff to defendant.

It is contended by plaintiff that he furnished proofs to defendant company on 15 July, 1929. We think the evidence is uncertain and so vague that we cannot say it was of sufficient probative value to be submitted to the jury.

Between 15 July, 1929, and February, 1934, the plaintiff made no demand for disability payments or waiver of premium, as provided by the policy. On the other hand, he was continuously corresponding with the defendant, requesting extension of premiums, etc., and executed two notes, termed "Automatic Premium Loans," whereby he secured sufficient funds to meet these premiums. If the plaintiff had submitted due proof of his disability, it was not necessary to write for blanks and submit another claim in 1934, and to accept the $60.00 check under the new claim. For some four and a half years he paid his premiums by borrowing from the company, getting extensions and otherwise, and at no time claimed to the company that he was disabled.

We think the evidence as to notice that plaintiff claimed he gave defendant was not sufficient to be submitted to the jury; but conceding, but not deciding, that it was, the plaintiff is estopped by his conduct to maintain this action. We see no error in excluding the evidence that plaintiff complains of—if admitted it would not be of such materiality as to change the view we take of the evidence on this record.

The judgment of the court below is

Affirmed.