SAMUEL MICHELSON, Plaintiff, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.

Municipal Court of New York, Borough of Manhattan, Fourth District, December 31, 1936.

*Max Bergman* [*James R. Cusack* of counsel], for the plaintiff.

*Alexander & Green* [*Alfred T. White* of counsel], for the defendant.

GENUNG, J. The plaintiff seeks to recover disability benefits and waiver of premiums alleged to be due under a supplementary contract attached to a policy on his life issued by the defendant providing for benefits under certain conditions. The period for which action is brought is from June, 1935, to February, 1936. The first notice of claim and proof of disability concededly was filed by the plaintiff with the defendant on May 16, 1935, one month prior to the commencement of the period for which the plaintiff claims the defendant is liable.

It was conceded by the plaintiff's counsel that the plaintiff was born on August 12, 1870, and, therefore, became sixty years old on August 12, 1930, four years, eight months and twenty-seven days prior to the filing of the first notice and proof of disability with the defendant company on May 16, 1935.

The particular provision of the policy sued upon which is pertinent to the issue in this case is the following: " Total and permanent disability. (1) Disability benefits before age 60 will be effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which insured's age at nearest birthday is 60 years, in which event the Society will grant the following benefits: (a) Waive payment of all premiums payable upon this policy falling due after the receipt of such proof and during the continuance of such total and permanent disability; (b) Pay to the insured a monthly disability annuity as stated on the face hereof; the first payment to be payable upon receipt of due proof of such disability and subsequent payments monthly thereafter during the continuance of such total and permanent disability."

The question which is presented to the court is: Does the filing of due proof of disability on May 16, 1935, entitle the insured to subsequent benefits under the policy provisions when he concededly became sixty years old on August 12, 1930? The answer is in the negative for the following reasons:

1. The liability of the company for disability benefits and waiver of premiums under the terms of the policy sued on is effective only "upon receipt of due proof" and the supplementary provision expressly states that the only premiums waived will be those "falling due after the receipt of such proof" and the first payment of the monthly disability annuity "to be payable upon receipt of due proof of such disability."

It is conceded that the plaintiff filed no proof whatsoever until May 16, 1935, and that he became sixty years of age on August 12, 1930. Thus a period of four years, eight months and twenty-seven days was permitted by the plaintiff to elapse before the company had any notice that the insured was claiming disability. Assuming, but not conceding, that the proof submitted on May 16, 1935, was sufficient to establish a total and permanent disability as of that date, the court is of the opinion that the conditions precedent in the disability contract set forth in this policy have not been complied with for the reason that due proof of a total and permanent disability was not received by the company prior to the time the insured reached sixty years of age. The proposition that the filing of due proof is a condition precedent to liability is supported by abundant authority: *Bergholm* v. *Peoria Life Insurance Co.* (284 U. S. 489); *Ginell* v. *Prudential Life Insurance Co.* (237 N. Y. 554); *Levitt* v. *Prudential Life Insurance Co.* (150 Misc. 754); *Corbett* v. *Phœnix Mutual Life Insurance Co.* (144 id. 872); *Epstein* v. *Mutual Life Insurance Co.* (143 id. 587; affd., 236 App. Div. 843); *Perlman* v. *New York Life Ins. Co.* (234 id. 359); *Yohalem* v. *Columbian National Life Ins. Co.* (136 Misc. 748); *New York Life Insurance Co.* v. *Chanson* (154 id. 643); *Mackenzie* v. *Equitable Life Assurance Society of the U. S.* (139 id. 288; affd., 140 id. 655); *Taub* v. *Travelers Insurance Co.* (149 id. 621); *Levine* v. *New York Life Ins. Co.* (155 id. 806); *Lucas* v. *John Hancock Mutual Life Ins. Co.* (116 Penn. Super. Ct. 298; 176 Atl. 514); *Mutchnick* v. *John Hancock Mutual Life Ins. Co.* (157 Misc. 598); *Kaplan* v. *New York Life Ins. Co.* (159 id. 763.)

2. The period of four years, eight months and twenty-seven days is an unreasonable length of time for the plaintiff to allow to elapse between the date that the insured reached sixty years and the time that he gave his first notice to the company of his disability claim. Consequently, the plaintiff is guilty of gross laches in the presentation of his claim, which laches has prejudiced the defendant company by depriving it of an opportunity to investigate, conduct a physical examination of the plaintiff and follow the plaintiff's activities, if any, during the period above referred to, all of which is sufficient in my opinion to defeat the plaintiff's claim.

A perusal of the authorities dealing with the question as to what is a reasonable time for the filing of due proof of disability reveals that there are no New York cases on the subject, but cases of foreign jurisdictions have defined very clearly what constitutes a reasonable time for the filing of due proof under policies of insurance sued upon with terms similar to the policy which is the subject-matter of this suit as follows: *McLawhorn* v. *American Central·Life Ins. Co.* (—— N. C. ——; 182 S. E. 139); *Dewease* v. *Travelers Ins. Co.* (—— N. C. ——; 182 S. E. 447); *Burchfield* v. *Travelers Ins. Co.* (——N. C.——; 185 S. E. 926); *Metropolitan Life Ins. Co.* v. *Walton* (19 Tenn. App. 59; 83 S. W. [2d] 274); *Connecticut General Life Insurance Co.* v. *Warner* ([Tex. Civ. App.] 94 S. W. [2d] 514); *Connecticut General Life Ins. Co.* v. *Smith* ([Tex. Civ. App.] Id. 519.)

In *Metropolitan Life Insurance Co.* v. *Walton* (*supra*) the court in ruling that the plaintiff had no cause of action, discussed the question of reasonable time for filing the due proof as follows: " Under the undisputed proof the insured became disabled in the fall of 1928, and he died on February 25, 1931, and notice was given the company on June 8, 1932, which was almost four years after he was permanently disabled, and more than three months after he died. The policy does not require that notice be given, but it does require due proofs of total and permanent disability or death, and this must be furnished within a reasonable time. What is a reasonable time is ordinarily a question for the jury. (See 7 Cooley's Briefs on Insurance, 5915–6; *Metropolitan Casualty* v. *Johnston,* 247 Fed. 65; 7 A. L. R. 175.) But there must come a point where the matter becomes one for the decision of the court, where a delay, by reason of its duration and lack of attendant excusing circumstances, is clearly unreasonable, it is the duty of the court so to declare."

Therefore, in view of the concessions of the plaintiff's counsel and the authorities above referred to, the court finds as a question of fact that the filing of proof of disability by the plaintiff with the defendant on May 16, 1935, four years, eight months and twenty-seven days after the insured reached sixty years of age on August 12, 1930, is an unreasonable length of time, thereby precluding a recovery by the plaintiff against this defendant under the terms and conditions of the policy sued upon.

As there is no proof in the record that the insured became totally and permanently disabled so as to be entitled to benefits under the policy terms on August 12, 1930, the date when he became sixty years of age, the court is unable to pass on that phase of the case on this record.

Consequently, I am of the opinion that for the foregoing reasons, the complaint must be dismissed on the merits, with costs.