METROPOLITAN LIFE INS. CO. *v.* LINDSEY.

(Division B.   Jan. 16, 1939.)

[185 So. 573.   No. 33457.]

**Wells, Wells & Lipscomb** of Jackson and **Welch & Cooper**, of Laurel, for appellant.

**Leonard B. Melvin,** of Laurel, for appellee.

Argued orally by **W. Calvin Wells, Jr.,** for appellant, and **Leonard B. Melvin,** for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action in the circuit court of Jones County against appellant to recover disability benefits alleged to be due him under a group policy of insurance issued by appellant to Gilchrist-Fordney Company for the benefit of the latter's employees, one of whom was appellee. The amount sued for was the first instalment of $321, for which there was a verdict and judgment, from which judgment appellant prosecutes this appeal.

The particular provisions of the policy for consideration follow:

"Total and Permanent Disability Benefits.—On receipt by the Company at its Home Office of due proof that any Employee insured hereunder has become wholly and permanently disabled by accidental injury or disease, before attaining the age of sixty years, so that he is and will be permanently, continuously and wholly prevented thereby from performing any work for compensation or profit, the Company will waive the payment of each premium applicable to the insurance on the life of such disabled Employee that may become payable thereafter under this Policy during such disability, and, in addition to such waiver, will pay to such Employee," etc.

"Six months after the receipt of due proof of such disablement, the Insurance Company will begin making payments of the amount of insurance under any one of the following plans at the option of the person insured:"

The following facts were established without conflict: Appellee was a servant of Gilchrist-Fordney Company working in its plant from 1906 to July, 1937, when the company closed down and went out of business. It paid the premiums on the group insurance from the issuance of the policy up to that time. In 1925 appellee, in trying to extinguish a fire, had his hands badly burned. The fire had no connection with the business of the master. The appellee claims to have become totally and permanently disabled from the burn on November 15, 1932;

nevertheless he continued in the service of the company up to July, 1937, when it went out of business. Appellee was sixty years of age on February 5, 1933. He did not make proof of his disability until October 4, 1937, and brought suit in May, 1938.

Appellant filed a special plea to the declaration, appellee's demurrer to which was sustained. That action of the court is assigned and argued as error. The plea, leaving off the formal parts, is in this language.

"That the policy of insurance sued upon herein, being Group Policy No. 1156-G issued by the Metropolitan Life Insurance Company to the Gilchrist-Fordney Company, being the policy sued upon herein, contains the following provisions with reference to the total and permanent disability, said provision being found on page two of said contract in paragraph seven:

" 'On receipt by the company at its home office of due proof that any employee insured hereunder has become wholly and permanently disabled by accidental injury or disease before attaining the age of 60 years . . . will pay to such employee during such disability in full settlement of all obligations hereunder pertaining to such employee . . . on the basis of $1,000.00 or 60 monthly instalments of $18.00, or . . . .'

"That the certificate of insurance sued upon herein, being certificate No. 156, issued to Mack Lindsey, under and by virtue of the provisions of the Group Policy herein above referred to contains the following provision on page two thereof under the head 'Disability Benefits:'

" 'Six months after receipt of due proof of such disablement, the insurance company will begin making payments of the amount of insurance under any one of the following plans at the option of the assured . . .'·

"A photostatic copy of the Group Policy herein above referred to and a photostatic copy of the certificate hereinabove referred to are attached hereto as Exhibits 'A' and 'B', respectively to this plea and prayed to be made a part hereof.

"That the plaintiff alleges in his declaration that he first became totally and permanently disabled prior to attaining the age of 60 years and on November 15, 1932.

"That the first notice or proof of any kind that the defendant received or that the plaintiff made to the defendant that he was claiming total and permanent disability benefits under said policy was received by the defendant on the 4th day of October, 1937, nearly five years after the date of the alleged onset of the plaintiff's alleged total and permanent disability.

"That on account of the plaintiff's long delay in giving notice to the defendant or making proof of his alleged disability the defendant has been greatly hindered in preparing its defense and its defense has been greatly prejudiced in that after so long a lapse of time it is impossible for it to properly investigate the plaintiff's claim or to secure necessary evidence with reference to the plaintiff's alleged total and permanent disability; that the foreman under whom the plaintiff was working at the time of the alleged onset of his disability has left the State of Mississippi and is now in the State of Oregon and beyond the jurisdiction of the court and that the other foreman and officers of the Gilchrist-Fordney Company under whom the plaintiff worked are now without the jurisdiction of the court and the witnesses who could best testify as to the plaintiff's condition are scattered to various parts of the United States and are not available as witnesses.

"That had the plaintiff's claim been seasonably made the defendant could have properly investigated said claim and if found to be without merit, could have properly prepared its defense thereto.

"That the provisions of the contract sued upon herein and hereinabove set forth in this plea are to the effect that the plaintiff must make due proof of his alleged total and permanent disability and that due proof means seasonable or timely proof and that the plaintiff in delaying

five years in making such proof has not made due, timely or seasonable proof.

"Wherefore, defendant says that on account of the matters and things herein above fully stated the plaintiff is now estopped from claiming total and permanent disability benefits under said policy, the said plaintiff not having made due proof as required under the contract sued upon herein and attached as Exhibits 'A' and 'B' to this plea, all of which your defendant is ready to verify."

The questions raised by the plea and the demurrer are: What is meant by "due proof," and, if due proof was not made, what the effect was on liability? We hold that due proof means proof within a reasonable time considering all the surrounding facts and circumstances, and this position is fully supported by well reasoned authorities. Metropolitan Life Ins. Co. v. Frankel, 58 Ind. App. 115, 103 N. E. 501; Metropolitan Life Ins. Co. v. People's Trust Co., 177 Ind. 578, 98 N. E. 513, 41 L. R. A. (N. S.), 285; Burton v. Metropolitan Life Ins. Co. et al., 48 Ga. App. 828, 173 S. E. 922; Prudential Ins. Co. of America v. Falls, 169 Tenn. 324, 87 S. W. (2d) 567; Metropolitan Life Ins. Co. v. Walton, 19 Tenn. App. 59, 83 S. W. (2d) 274.

Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445, 145 So. 887, although not in point on its facts, states some of the governing principles in this language: "There is, in our opinion, sound reason why insurance companies should be permitted in their policies a provision requiring proof to be made before the waiver of the policy becomes effective. It is, of course, necessary for the success of the life insurance business that unmerited or fraudulent claims should be rejected, and, in order to determine whether a claim is just and bona fide, it should have opportunity to investigate the facts at the time the disability occurs or accrues upon which the waiver of premiums depends. Suppose a party taking a policy should pay one or two annual premiums, and then cease

paying them without any notice to the company of any disability, continue to live many years, and then dies, and his family claims that there was a disability existing at the time which excused payment of premiums. It would manifestly be impossible, or, at least, exceedingly difficult and expensive, to develop the facts after a long time.''

What is proof within a reasonable time is ordinarily a question for the jury. ''But there must come a point where the matter becomes one for the decision of the court, where a delay, by reason of its duration and lack of attendant excusing circumstances, is clearly unreasonable, it is the duty of the court so to declare.'' Metropolitan Life Ins. Co. v. Walton, supra, 83 S. W. (2d) 278, and the authorities cited in the opinion.

Going now to the effect of the failure to make due proof: It appears plain that, under the provisions of this policy and the decisions of our Court, due proof is a condition precedent to liability—that the cause of action does not arise until such proof is made. New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 15 A. L. R. 314; Berry v. Lamar Life Ins. Co., supra; Mutual Life Ins. Co. v. Hebron, 166 Miss. 145, 146 So. 445; New York Life Ins. Co. v. Quinn, 171 Miss. 396, 157 So. 902. Such a holding does not abridge the Six-year Statute of Limitations (Sec. 2292, Code of 1930). It simply means that the statute does not begin to run until proof is made—which is the period at which the cause of action accrues. There is no merit in appellee's argument that to so hold violates Sec. 2294, Code of 1930, which prohibits the period of limitations being changed by contract. Ætna Life Ins. Co. v. Roberts, 174 Miss. 278, 164 So. 311, and other authorities relied on by appellee are not in point—they are in another class. To illustrate, the policy involved in the Roberts Case provided neither for due proof nor any period within which proof should be made.

It follows from what has been said that the judgment must be reversed and the cause remanded for another

trial. The court erred in sustaining the demurrer to the plea. If the plea is established without substantial conflict in the evidence, appellant will be entitled to a directed verdict. Putting it differently: If on another trial it should appear to the Court, without any substantial conflict in the evidence, that it was unreasonable and unfair to appellant for appellee to delay nearly five years in making proof of disability, a verdict should be directed for appellant. On the contrary, if there is substantial conflict in the evidence as to that issue, its decision should be left to the jury.

On another trial the instructions given for appellee, which probably left it in confusion as to whether the total and permanent disability had to occur prior to February 5, 1933 (the sixtieth birthday of appellee), or could have occurred on that day, should not be given. Under the policy the disability must have occurred "before attaining the age of sixty years."

The court did not err in refusing to direct a verdict for appellant on the ground that there was no substantial evidence tending to show total and permanent disability. Although that was a feather-edge question under the evidence, we think it was one for the jury.

Reversed and remanded.