METROPOLITAN LIFE INS. CO. *v.* LINDSEY.

(In Banc. Oct. 28, 1940.)

[198 So. 282. No. 34258.]

Wells, Wells & Lipscomb, of Jackson, and Welch & Cooper, of Laurel, for appellant.

Leonard **B.** **Melvin,** of Laurel, for appellee.

**McGowen, J.,** delivered the opinion of the court.

This is a second appeal of this case, it having been before the court on appeal by the Metropolitan Life Insurance Company and reported in 184 Miss. 359, 185 So. 573. In the report of that case, the provisions of a group policy of insurance issued by the insurance company to Gilchrist-Fordney Company for the benefit of the latter's employees were set out, and these provisions of the policy will not be set forth again in this opinion.

In the former case, the appellant had filed a plea to the declaration to which the lower court had sustained a demurrer. That plea is set forth in extenso in the former opinion.

On the former hearing, this court reversed the case because the lower court erred in sustaining a demurrer to the plea. The effect of that plea was that the insured, appellee, had not made due proof of his total and permanent disability within the meaning of the policy. In other words, he had not made proof or served notice of any kind on the insurer until a lapse of about five years after the time he claimed he became totally and permanently disabled.

We will not review all of the evidence in the case, but think it best to state it in brief outline.

It is undisputed that the master policy was written in 1920, and at that time the insured was furnished with a certificate which contained the provision that he was required to furnish "due proof" of his total and permanent disability to the insurer. Until December, 1926, Lindsey was an employee of the Gilchrist-Fordney Company as a "dogger" in and about the saw mill. In that month, Lindsey had his hands severely burned in undertaking to rescue persons from a burning house, and was unable to return to work for a period of at least eight months. The evidence is in conflict as to whether or not the employer had eliminated, by improved machinery, the work of a "dogger." At any rate, he was given a place as a sweeper, and continued to be so regularly employed from some time in 1927 until 1932 and so thereafter until July, 1937. He and his witnesses say that in that year his hands became swollen and bled so that he could not perform all of the duties of sweeper, which necessitated the sweeping of debris from certain parts of the plant and to lift objects left upon the floor so that they could be transported from the building. They undertook to show that his hands were in such condition as to be totally and permanently disabled from about November of that year until the date of the trial. The evidence shows that he received a third-degree burn, and that his fingers were to an extent immobile, and that manipulation of his fingers beyond the point where they were mobile caused pain. For some months prior to the last trial, he had been employed as a janitor in a colored school, but had the assistance of the students thereof.

Upon the remanding of this case, the appellee filed a replication to the plea, the effect of which was that the insurer appellant was not injured by the long delay in making proof of his injury.

The pertinent evidence on the plea in replication is that on February 5, 1933, appellee had become sixty years

of age. He had had in his possession, since 1920, the certificate issued and delivered to him, but did not have or know the contents of the master policy.

The evidence delivered by him showed that he had not been educated, but had taken some adult instruction and could read to some extent and write his name. The evidence further shows that in July, 1937, the employer, Gilchrist-Fordney Company, surrendered its charter and ceased to operate, and that its force of employees had been disbanded and scattered, many of whom were in the State of Oregon. He was not asked as to whether he knew he was required to make due proof of total and permanent disability under the terms of his certificate and the master policy. In fact, there is not a line or word of evidence which tends to show any reason for his long delay in making the proofs. It was agreed that no notice of any kind or proofs were ever brought to the attention of the insurer until October 4, 1937, after the insured had ceased to be an employee of Gilchrist-Fordney Company. He was not questioned as to any reason he might have had for failure to make proof during the well-nigh five years intervening between the time he discovered his total and permanent disability and the time that fact was brought to the attention of the insurer.

On the former hearing of this case, this court held that due proof means proof within a reasonable time, considering all of the surrounding facts and circumstances, and cited authorities in support thereof. In the first opinion of this court, the case of Metropolitan Life Ins. Co. v. Walton, 19 Tenn. App. 59, 83 S. W. (2d) 274, 278, was cited and this language quoted: ''But there must come a point where the matter becomes one for the decision of the court, where a delay, by reason of its duration and lack of attendant excusing circumstances, is clearly unreasonable, it is the duty of the court so to declare.'' [184 Miss. 359, 185 So. 575.] In the Walton case, supra, the Tennessee court held that four years was an unreasonable

delay on the part of the insured, and that upon the facts, a directed verdict should have been given, or there was no liability because due proof had not been made within a reasonable time. We have examined many cases from many courts bearing upon what is considered a reasonable period of time, as a matter of law, and we have read no case that held that so long a time as five years was considered a reasonable time for "due proof." See Cooley's Briefs on Insurance, p. 5914 et seq.

Appellee contends that there is no proof to sustain the plea. In this, we think he is in serious error. The length of time is shown to be about five years,—certainly considerably more than four years. In that time, the witnesses who were co-workers of Lindsey's and who had knowledge of his condition, had removed themselves far from Mississippi. Also, the great lapse of time would cause witnesses cognizant of the facts to fail to remember. To await five years to undertake to make proof gives the insured an advantage as to the appellant's right to investigate and to develop in court the facts at issue, as pointed out in the former opinion in quoting from the case of Berry v. Lamar Life Insurance Company, 165 Miss. 405, 142 So. 445, 145 So. 887. It is absolutely necessary that life insurance companies, who are doing a business which is affected with a public interest, have notice of a claim of injury or death in such reasonable time as to permit a fair investigation of the facts involved in order to relieve itself from payment of fraudulent claims. It was most material to the insurer to have an opportunity, within a reasonable time, to examine the physical condition of appellee when he claims his injury received in 1926 culminated into a total and permanent disability. In other words, an insurer must have some reasonable notice of its liabilities. If, for no reason at all, the insured is permitted to delay five years or more in making due proof, there would never be any limit on what is considered a reasonable period of time within which to make the proof, and the element of time would be elimi-

nated from the contract. Due proof means reasonable time. It means timely proof. We think the delay in this case is wholly unexplained, wholly unexcused, and under the facts and circumstances of the case, the insured, by his delay, had a decided advantage in the development of the facts of the extent of his disability.

Under the evidence in this case, we are of opinion that due proof was not made within the meaning of the contract, as construed in the former opinion, and that the long delay was not attempted to be excused or accounted for by the insured, appellee.

Without reference to the fact that this is still a "feather-edge" case, the peremptory instruction should have been granted on the ground that due proof of the disability had not been made within a reasonable time and that there was no question for the jury; and the court below should have held, as a matter of law, that the length of time, as shown here, was not a reasonable time within which to make due proof of the loss or injury.

Reversed, and cause dismissed.

**Ethridge, P. J.,** delivered a specially concurring opinion.

I concur in the result reached on the facts of this case; but I think that what constitutes a reasonable time is a question of fact; and that before the court can take the decision on that fact from the jury the delay must be such that reasonable men could not reasonably disagree; and the court should, by analogy, follow the statute of limitations in each case.