SOPHIE PEARLSTEIN, Plaintiff, *v.* NEW YORK LIFE INSURANCE COMPANY, Defendant.

Municipal Court of the City of New York, Borough of Manhattan, April 22, 1948.

*David Goldstein* and *Lawrence Kovalsky* for plaintiff.

*Ferdinand Pease, Harry J. McCallion* and *Robert J. Fitzwilliam* for defendant.

GENUNG, J.   The action was brought for the recovery of disability payments allegedly due under the provisions of a policy of insurance issued by the defendant on the life of Hyman Pearlstein, deceased.   Plaintiff was the beneficiary named in said policy.   The motion is made by the insurer for summary judgment pursuant to rule 113 of the Rules of Civil Practice. This motion presents a single question of law, namely: whether or not the disability provisions in the policy require that proof of claim of the insured's total and permanent disability must be submitted to the defendant during the lifetime of the insured.

The facts are that the policy was issued on February 11, 1924, the plaintiff claims that the insured became totally and permanently disabled on or about January 2, 1945, the insured died on or about April 23, 1947, the proof of claim was filed on or about October 22, 1947, and the action was commenced on November 20, 1947.   The answer admits the issuance and existence of the policy, denies the insured was disabled within the meaning of the terms of the policy, admits that certain papers, purporting to furnish proofs of the insured's disability, were furnished to the defendant on or about October 24, 1947, and denies that there is any sum due the plaintiff.

The disability provisions in the policy, involved in this motion, are the following:

"NEW YORK LIFE INSURANCE COMPANY agrees to pay to the Insured

"A Monthly Income of Twenty-Five Dollars, and to waive payment of premiums under the said policy, as hereinafter provided, upon receipt of due proof that the Insured is totally and presumably permanently disabled before age 60, as hereinafter defined.

"Disability shall be considered total whenever the Insured is so disabled by bodily injury or disease that he is wholly prevented from performing any work, from following any occupation, or from engaging in any business for remuneration or profit, provided such disability occurred after the insurance under this Agreement took effect and before the anniversary of the said policy on which the Insured's age at nearest birthday is sixty.

" Upon receipt at the Company's Home Office, before default in payment of premium under the said policy, of due proof that the Insured is totally disabled as above defined, and will be continuously so totally disabled for life, or if the proof submitted is not conclusive as to the permanency of such disability, but establishes that the Insured is and for a period of not less than three consecutive months immediately preceding receipt of proof has been, totally disabled as above defined, the following benefits will be granted:

" (a) Waiver of Premium.— The Company will waive the payment of any premium under the said policy falling due during the period of continuous disability, the premium waived to be the annual, semiannual or quarterly premium according to the mode of payment in effect when disability occurred.

" (b) Income Payments.— The Company will pay to the Insured the monthly income stated above ($10 per $1,000 of the face of said policy) for each completed month from the commencement of and during the period of continuous total disability. If disability results from insanity, payment will be made to the beneficiary in lieu of the Insured. * * *

" Before making any income payment or waiving any premium under the said policy, the Company may demand due proof of the continuance of total disability, but such proof will not be required oftener than once a year after such disability has continued for two full years. Upon failure to furnish such proof, or if the Insured performs any work, or follows any occupation, or engages in any business for remuneration or profit, no further income payments shall be made nor premiums waived.

" The sum payable in any settlement of the said policy shall not be reduced by income payments made nor by premiums waived under the above provisions. Dividends, loan and surrender values shall be the same as if the waived premiums had been duly paid. Any disability benefit due but unpaid at the time of the Insured's death shall be payable to the person entitled to the proceeds of the said policy. * * *

" This Agreement and all rights thereunder shall automatically terminate upon default in payment of the premium on said policy or on surrender of said policy; except that in event of default in payment of premium under the said policy after the Insured has become totally disabled as above defined, the said policy will be restored, and the benefits shall be the same as if said default had not occurred, provided due proof

that the Insured is and has been continuously from the date of default so totally disabled and that such disability will continue for life or has continued for a period of not less than three consecutive months, is received by the Company not later than six months after said default.''

The language employed in the disability benefit provisions of the policy is clear and unambiguous and must be interpreted according to its ordinary and accepted meaning. It is true that the policy provides for payment '' from the commencement of and during the period of continuous total disability '', and does not provide for payment to commence after the date of filing of proof of claim, but this provision relates to the *time* of payment and not to the *liability* for payment. It is also true that there is no express language in the disability provisions of the policy in suit which requires that before disability payments become effective that the insured must file with the defendant proof of such disability *during his lifetime*. Here, the plain import of the policy provisions, read, understood and construed according to the plain, usual and ordinary meaning of the words employed, requires that proof of the alleged disability of the insured be submitted to defendant during the insured's lifetime. The admitted failure to comply therewith precludes a recovery in this action and requires the granting of defendant's motion for summary judgment.

The case of *Yohalem* v. *Columbian Nat. Life Ins. Co.* (136 Misc. 748) cited in *Kantor* v. *New York Life Ins. Co.* (219 Iowa 1005) and followed in *Anderson* v. *New York Life Ins. Co.* (64 Cal. App. 2d 798) also involved the question of whether the representatives of insured's estate could file proof of disability after the death of the insured. The court, KELLER, J., said (p. 749): '' While there seems to be no decision in this State construing the effect of a notice of total permanent disability given after the death of the insured, with respect to benefits such as those claimed here, I am satisfied that both the definite language of the policy and the decisions in other jurisdictions do not sustain plaintiff's contention. The language of the insurance contract ' that *he is* and *will be* ' permanently disabled has reference to a condition present during the lifetime of the insured.''

An analogous case was presented to this court in *Michelson* v. *Equitable Assur. Soc.* (161 Misc. 697 [1936]). In that action plaintiff sought to recover disability payments and waiver of premiums alleged to be due under a supplementary contract

attached to a policy on his life issued by the defendant providing for benefits under certain conditions. The period for which the action was brought was from June, 1935, to February, 1936. The first notice of claim and proof of disability concededly was filed by the plaintiff with the defendant on May 16, 1935. It was conceded by the plaintiff's counsel that the plaintiff was born on August 12, 1870, and, therefore, became sixty years of age on August 12, 1930, four years, eight months and twenty-seven days prior to the filing of the first notice and proof of disability with the defendant company on May 16, 1935. The policy provided: " Total and permanent disability. (1) Disability benefits before age 60 will be effective upon receipt of due proof, before default in the payment of premium, that the insured became totally and permanently disabled by bodily injury or disease after this policy became effective and before its anniversary upon which insured's age at nearest birthday is 60 years, in which event the Society will grant the following benefits: (a) Waive payment of all premiums  *  *  *  (b) Pay to the insured a monthly disability annuity as stated on the face hereof  *  *  *."

It was held that the filing of due proof of disability on May 16, 1935, did not entitle the insured to subsequent benefits under the policy provisions when he concededly became sixty years old on August 12, 1930. In other words, under the provisions of the policy, the commencement of the disability and the filing of due proof of claim, must both occur before the insured became sixty years of age.

Motion by the defendant for summary judgment, under rule 113 of the Rules of Civil Practice, dismissing the complaint is granted.