PATTERSON, Chief Justice,
for the Court:
Eugene A. Ross brought suit in the Circuit Court of Lamar County for disability benefits under a policy issued by Aetna Life Insurance Company to Crane Company and its subsidiaries which included his former employer, Crane Supply Company. The cause was dismissed on defendants’ motions and Ross appeals.
He alleged in his declaration that as a result of an automobile accident on July 3, 1969, while in the employment of Crane Supply Company, he suffered injuries resulting in his permanent and total disability and his employer willfully and negligently failed to notify him of available benefits. Further, it was not until July or August 1975 that he became aware of the policy and corresponded with Crane Company and Aetna Life and benefits were denied. Separate motions to dismiss because of the bar of the statute of limitations were filed by Aetna Life and by Crane Company and Crane Supply Company. All parties then joined in a stipulation filed with the court that (1) neither claim, notice nor proof of loss was provided to any defendant by Ross from the date of the accident until sometime subsequent to July 14, 1975, and (2) if Ross had taken the stand, he would have introduced a letter dated July 14, 1975, from himself to Crane Company. The court in sustaining the motions and dismissing the cause stated that the statute of limitations began running on July 3, 1969.
The policy provided that Aetna Life would pay benefits to an insured upon receipt of “due proof” of a loss. Further, it provided that “written notice of claim must be given to Aetna Life within twenty days after the occurrence or commencement of any loss covered by the policy or as soon thereafter as is reasonably possible.”
Appellant first argues that the claim is not barred by the statute of limitations because the cause of action did not arise until proof or claim was made in July 1975 and that this was within a reasonable time, considering he was unaware of the existence of the policy. In support of this proposition, he relies primarily on Metropolitan Life Ins. Co. v. Lindsey, 184 Miss. 359, 185 So. 573 (1939), in which this Court interpreted a policy provision requiring receipt of due proof before payment as meaning proof within a reasonable time considering all the surrounding facts and circumstances and held that due proof was a condition precedent to liability such that the cause of *699 action did not arise until proof was made. There the claimant became permanently and totally disabled in November 1932 and did not present proof of his disability until 1937.
On its second appeal, cited as Metropolitan Life Ins. Co. v. Lindsey, 189 Miss. 600, 198 So. 282 (1940), we held that the five-year delay in appellant’s making proof of disability was not a reasonable time and stated:
It is absolutely necessary that life insurance companies, who are doing a business which is affected with a public interest, have notice of a claim of injury or death in such reasonable time as to permit a fair investigation of the facts involved in order to relieve itself from payment of fraudulent claims. ... In other words, an insurer must have some reasonable notice of its liabilities. If, for no reason at all, the insured is permitted to delay five years or more in making due proof, there would never be any limit on what is considered a reasonable period of time within which to make the proof, and the element of time would be eliminated from the contract. Due proof means reasonable time. It means timely proof. (189 Miss, at 607-608, 198 So. at 283).
Judge Ethridge in his specially concurring opinion stated that when the court takes the question of what constitutes reasonable time from the jury, the delay must be such that reasonable men could not reasonably disagree and in each case the court should by analogy consider the statute of limitations.
In this case the delay exceeded six years as prescribed by the statute of limitations and cannot be excused. In the letter stipulated to the court, appellant admitted that during his sales career at Crane he received a bulletin notifying him of $100,000 in company-sponsored accidental life insurance coverage. The policy in question provided for $100,000 in benefits for loss of life as well as benefits for disability and appellant therefore cannot complain of lack of notice.
Although argued, we find the appellant’s other contention of no merit and are of the opinion that the trial court properly sustained the motions to dismiss.
AFFIRMED.
INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM, LEE and BOWLING, JJ., concur.