John E. Cone, J.
Defendant Cohen moves for a new trial on the ground of newly discovered evidence, which application is joined in by the remaining defendants.
This court on January 23,1958 granted the plaintiff a declaratory judgment after trial relieving it of its liabilities and obligations under a public liability policy by reason of the failure of its insured in giving the written notice of the accident required by the policy of insurance. Fifteen months later this motion is made on the ground that one month after the accident the plaintiff had received by registered mail a notice of lien filed by the compensation carrier of defendant Cohen’s employer indicating that the defendant Cohen had been injured, and only upon a recent inspection of the compensation carrier’s file did the defendant Cohen discover this fact; that despite such information in its file, the plaintiff had testified before this court that the first written notice received by it of the accident was approximately 18 months after the accident when a claim *472 letter from the attorney for the defendant Cohen had been forwarded by the assured’s broker to it.
The granting of a new trial depends upon two factors: i.e., whether the alleged notice of lien served upon the plaintiff is in compliance with section 167 (subd. 1, pars, [c], [d]) of the Insurance Law, and whether such evidence could not have been discovered before trial by the exercise of due diligence (Collins v. Central Trust Co., 226 App. Div. 486, 229 App. Div. 363; Travitzky v. Schamroth, 277 App. Div. 1018).
Subdivision 1 of section 167 provides that no policy insuring against liability for injury shall be issued unless it contains, in substance, the following provisions:
“ (c) A provision that notice given by or on behalf of the insured, or written notice by or on behalf of the injured person or any other claimant, to any licensed agent * * * in this state * * * shall be deemed notice to the insurer.
“ (d) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by * * * any other claimant thereunder if it shall be shown not to have been reasonably possible to give such notice within the prescribed time and that notice was given as soon as was reasonably possible.” (Emphasis supplied.)
The foregoing sections are clear and unambiguous. Where the language of a statute is without ambiguity and the meaning unequivocal, there is no necessity for resort to rules of construction (New Amsterdam Cas. Co. v. Stecker, 3 N Y 2d 1).
The moving affidavits fail to disclose that the injured has complied with the provision requiring written notice by or on his behalf. The section specifically provides that the requisite notice be sent by or on behalf of the insured or injured person. The forwarding of the notice of lien by the compensation carrier was not sent on behalf of the insured nor was such notice given on behalf of the injured person. The notice as sent was solely on behalf of the compensation carrier to protect whatever claim it may have against a possible third party who may be liable to the injured defendant. Under such circumstances it cannot be said that the plaintiff had received notice of the accident as required by subdivision 1 of section 167. That being so, it is not such newly discovered evidence as would change the result if a new trial were granted (Collins v. Central Trust Co., supra; Travitsky v. Schamroth, supra).
While it is true, as the defendant Cohen contends, that he should not be penalized for the failure of the insured to comply *473 with the provisions of the policy and with section 167, and that an injured party is no longer wholly dependent upon the diligence and conscientiousness of the person who caused him injury in filing such notice (Lauritano v. American Fid. Fire Ins. Co., 3 A D 2d 564, affd. 4 N Y 2d 1028), the same court stated that there was an obligation upon the injured to give such notice to the insurer as soon as reasonably possible after the discovery of the existence of such insurance, and that an effort must be made to ascertain its existence. (See Insurance Law, § 167, subd. 1, par. [d].)
In motions of this character, before a defeated party is entitled to a new trial upon the ground of newly discovered evidence he must show that he used reasonable diligence to prepare the case for trial and was unable to discover the new evidence. One seeking a new trial must show that he made timely inquiries in the proper quarters. The court is the judge of what constitutes due diligence, and not the party or his attorney (Collins v. Central Trust Co., supra; Travitzky v. Schamroth, supra). Nowhere in the moving papers or at the trial did the defendant Cohen establish diligent or reasonable effort on his part to prosecute his claim, notify the causing defendant of the accident or discover whether the said defendant was insured. The facts clearly show the contrary. The first attempt by the injured to give such notice was approximately 18 months after the accident. Any reasonable effort on his part or any diligent investigation prior to the mailing of the claim letter would have have established the existence of the insurance policy so that the proper notice of accident could have been mailed directly to the carrier.
Accordingly the motion is denied.