267 So.2d 895 (1972)
P.U. "Jack" LATHAM, d/b/a Latham Oil Company
v.
UNITED STATES FIDELITY & GUARANTY COMPANY.
No. 46795.
Supreme Court of Mississippi.
October 23, 1972.
W.T. Denman, III, Eupora, for appellant.
Brooks, Guyton & Shaw, Kosciusko, for appellee.
INZER, Justice:
The principal question to be decided in this case is whether the parties to a fidelity bond, or a fidelity insurance contract, can legally contract so as to provide for a shorter period of limitation than prescribed by the applicable statute of limitations. We hold that Mississippi Code 1942 Annotated, Section 724 (1956), prohibits the parties from so contracting and any attempt to do so is null and void.
The record reflects that on March 4, 1970, appellant, P.U. "Jack" Latham, doing business as Latham Oil Company, brought suit in the Circuit Court of Webster County against appellee United States Fidelity & Guaranty Company seeking to recover on a fidelity bond for the loss of money due to the fraudulent and dishonest acts of certain named employees. The declaration charged that the losses were discovered *896 on February 10, 1966, and occurred while the bond was in full force and effect and that although all the terms and provisions of the bond had been complied with, appellee refused to comply with its obligations to pay such losses.
Appellee filed a motion to dismiss the suit and as grounds for such motion alleged:
1. The contract requires that said action be brought within one year after discovery of the loss, and therefore, suit is not timely filed as shown by the face of the declaration.
2. The statute of limitations being Section 376, Mississippi Code 1942 Annotated (1956), requires action on bonds to be brought within one year from the completion and final determination of the contract, and that this action was not filed until over three years after the discovery of the loss.
The provisions of the fidelity bond relied upon by appellee read as follows:
No action shall lie against the Underwriter unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this bond, not until ninety days after the required proofs of loss have been filed with the Underwriter, nor at all unless commenced within one year from the date when the Insured discovers the loss. If any limitation of time for notice of loss or any legal proceeding herein contained is shorter than that permitted to be fixed by agreement under any statute controlling the construction of this bond, the shortest permissible statutory limitation of time shall govern and shall supersede the time limitation herein stated. (Emphasis added).
The trial court found that the suit was not filed within the time required by the terms of the policy and entered an order dismissing the cause with prejudice. Hence, this appeal.
Appellant admits that the action on the fidelity bond was not commenced until over three years after the loss was discovered, but contends that the foregoing provision in the contract is in contravention of Section 724, Mississippi Code 1942 Annotated (1956), and is null and void and that the six year statute of limitations controls. Section 724 reads as follows:
The limitations prescribed in this chapter shall not be changed in any way whatsoever by contract between parties, and any change in such limitations made by any contract stipulation whatsoever shall be absolutely null and void; the object of this statute being to make the period of limitations for the various causes of action the same for all litigants.
In Standard Accident Insurance Co. v. Broom, 111 Miss. 409, 71 So.2d 653 (1916), this Court pointed out that prior to 1912 Section 2575 of the Code of 1906 made it possible for an insurance company to contract that its policies of insurance would not be subject to the general statute of limitations, but the terms of its policies could provide for any period of limitation not less than one year. The Court also pointed out that Section 2575 was repealed by Chapter 223, Acts of Legislature 1912, and upon repeal Section 3127 of the Code of 1906, a statute general in its terms applied to insurance contracts. Section 3127 of the Code of 1906 is now Section 724, supra, and is in the exact same language. The Court held that the provision in the contract there under consideration, was void as an attempt to change by contract the statute of limitations.
In Stuyvesant Ins. Co. v. A.C. Smith Motor Sales Co., 135 Miss. 585, 99 So. 575 (1924), this Court held that a provision in an insurance contract somewhat similar to the provision involved here had no binding force in view of the foregoing statute. The case of Webster v. United States Fidelity & Guaranty Co., 169 Miss. 472, 153 So. 159 (1934), cited and relied upon by appellee involved a provision in a fidelity *897 bond which limited liability thereunder to losses discovered within the term of the bond or within six months thereafter. We held that this provision was not an attempt to change or limit the statutory period for bringing suit but was one limiting liability to those losses discovered within the time fixed. We did not hold that an insurance company could by the provisions of a fidelity bond change the time fixed by the statute of limitations for bringing suit, but rather reaffirmed the former holding to the contrary.
It has been the law of this state since 1912 that insurance contracts have been and are now subject to the general statute of limitations and in view of Section 724, supra, the provisions in the fidelity bond in the case before us is of no binding force and it is null and void.
We find no merit in appellee's contention that Section 376, Mississippi Code 1942 Annotated (1956), which applies to contractor's performance bonds in some way applies to a fidelity bond. There is a vast difference between a contractor's performance bond and a fidelity bond. A fidelity bond or fidelity insurance, as it is sometimes referred to, in substance and effect is a form of insurance and as such is subject to the rules applicable to insurance contracts generally.
Appellee in its brief for the first time asserts that an action for recovery under fidelity bond is an action on a penalty and as such must be commenced within one year as provided by Section 731, Mississippi Code 1942 Annotated (1956). A reading of this section reveals by its plain terms that it applies only to suits for any penalty or forfeiture based on a penal statute and it could by no stretch of the imagination be applicable to a suit on a fidelity bond.
For the reasons stated we hold that this suit was timely filed and that the trial court was in error in dismissing the same with prejudice. For this reason this case is reversed and remanded.
Reversed and remanded.
RODGERS, P.J., and JONES, PATTERSON, and ROBERTSON, JJ., concur.