MIDDLESEX MUTUAL INSURANCE COMPANY, a Mutual Company, Plaintiff,

v.

Roger Ernest WELLS, a minor, to wit, seventeen years of age, who sues by his father and next friend, Thomas R. Wells, Sr., Defendant.

Civ. A. No. 76–G–1143–S.

United States District Court, N. D. Alabama, S. D.

June 28, 1978.

John W. Clark, Jr., Birmingham, Ala., for plaintiff.

Robert B. Roden, Jones, Arnold & Roden, Birmingham, Ala., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

Defendant Roger Ernest Wells, a minor, is an omnibus insured under his father's automobile insurance policy issued by plaintiff. On March 8, 1974, Roger, while riding a motorcycle, was struck and injured by an automobile operated by one Willie Ross, an uninsured motorist. The policy contains uninsured motorist coverage.

On February 7, 1975, defendant filed suit against Willie Ross in the Circuit Court for the Tenth Judicial Circuit of Alabama, praying for $100,000.00 in damages. Defendant notified plaintiff herein of the pendency of that suit on October 31, 1975, whereupon plaintiff intervened. Plaintiff then filed the present action, praying that this court declare that plaintiff may not be held liable to defendant under the insurance policy.

Plaintiff bases its claim for relief on two grounds: first, that defendant is excluded from coverage by the terms of the policy; and, second, that notice to plaintiff of defendant's loss was untimely.

The exclusionary clause upon which plaintiff relies reads:

EXCLUSIONS: This policy does not apply under Part IV:

(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such an automobile.

Plaintiff claims that the motorcycle Roger was riding was an "automobile" within the meaning of the above clause and that, therefore, the loss is not covered.

Though Part IV of the policy nowhere defines "automobile," "private passenger automobile" is defined in Part I as "a four wheeled private passenger, station wagon or jeep type automobile." The insurance contract is one of adhesion, and its exclusionary clauses are to be strictly construed against the insurer. *Sovereign Camp, W.O.W. v. Adams,* 204 Ala. 667, 86 So. 737 (1920); *American Liberty Ins. Co. v. Soules,* 288 Ala. 163, 258 So.2d 872 (1972). "Automobile," in common parlance, does not mean "motorcycle," and plaintiff has failed to convince the court that the parties to the contract intended such a meaning. Plaintiff's first ground for relief is, therefore, unavailing.

Plaintiff next claims that since defendant failed to give plaintiff notice of the loss until a year and a half after the accident, the notice was untimely. The policy clause on which plaintiff relies reads:

In the event of an accident, . . . written notice . . . shall be given . . . to the company . . . as soon as practicable.

Timely notice, then, is a condition precedent to defendant's right to enforce the insurance contract.

In *Southern Guaranty Ins. Co. v. Thomas*, 334 So.2d 879, 882 (Ala.1976), the Supreme Court of Alabama held that the words "as soon as practicable" in an insurance contract mean "'within a reasonable time' in view of all the facts and circumstances of the case." The court further held that the reasonableness of a delay is determined by two factors: the length of the delay and the reasons for the delay.

The court finds that the year and a half delay in giving notice was lengthy. "Thus," as the *Southern Guaranty* court said, "dispositive of the issue in this case is whether the insured's excuses, offered for his . . . delay in giving notice to his insurer, are reasonable." 334 So.2d at 883.

The policy, because of its fine print and incomprehensible language, defies being read without the aid of a magnifying glass and a bottle of aspirin. Defendant Roger Wells and his father are laymen. Understandably, they did not know that Roger's motorcycle accident is covered under the elusive terms of Mr. Wells' automobile policy until after they had filed suit in state court. It ill becomes plaintiff to assert that defendant's ignorance of the policy's coverage should result in a forfeiture when plaintiff, by its own lack of clarity, substantially contributed to that ignorance.

The case of *American Liberty Ins. Co. v. Soules, supra*, is on point. There, as here, a child's ignorance of coverage under his father's insurance policy justified his delay in giving proof of loss.

Defendant's ignorance of the policy coverage during the year to year and a half after the accident, and the resulting delay, were justified. Defendant, after learning of the policy's coverage, did not delay unreasonably in giving the insurer notice. Plaintiff's second ground for relief is, therefore, unavailing.

For the foregoing reasons the court is of the opinion that the plaintiff is obligated under the policy to pay to defendant such sums as the defendant is legally entitled to recover as damages for bodily injury from the uninsured motorist.