OTT, Chief Judge.
' Appellant Sims appeals the entry of a summary judgment denying uninsured/underinsured motorist benefits. Specifically, the lower court ruled that Sims had failed to comply with the “notice of claim” provisions required for a “hit-and-run” accident. Appellant contends that the accident was improperly classified as a “hit- and-run” accident. We agree.
The accident occurred in rainy weather on the night of January 3,1975, while Sims and his wife were passengers in a car owned and operated by Sims’s brother-in-law. A police report filed the day of the accident contained three statements or versions of the accident given by three eye witnesses. One statement given by Sims asserts that the brother-in-law/driver diverted his attention to a defroster located below the dashboard while the windshield was fogged and driving conditions poor. Statement number two by the driver of a following vehicle mentions that an oncoming vehicle with bright lights passed in the other direction near the time Sims’s vehicle left the road. However, the witness testified that the Sims driver was leaning over to his right as if adjusting his radio or *22 defroster, which lends some support to the statement given by Sims. Statement three, given by the Sims’s driver, claimed that a black truck was stopped in the roadway in his lane and without lights, causing him to swerve off the roadway and pass it on the shoulder of the road. This vehicle was not seen by any other witness. In fact, the driver of the following vehicle specifically negated the presence of such a vehicle.
Sims and his wife were injured and claim was made against the brother-in-law. The brother-in-law’s insurance proved to be inadequate. Sims then sought additional insurance (underinsured coverage) under his own policy, which is the subject of this appeal.
Sims’s policy describes a “hit-and-run automobile” as “... an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with an automobile which the insured is occupying at the time of the accident.” (Emphasis added.) Further, recovery under a “hit-and-run” accident requires compliance with rather stringent notice requirements. Initially, the insured must file a “notice of accident” with the police within 24 hours of the accident, and, second, within 30 days insured must file a “notice of claim” with the insurer describing the circumstances of the “hit- and-run” accident. The carrier had a copy of the police report very shortly following the accident and initiated some investigation of the accident. It also had some information from Sims’s lawyer that there would or might be an uninsured motorist claim.
On motion for summary judgment, the lower court ruled that Sims had to comply with the policy requirements applicable to a “hit-and-run” accident. He ruled that while there was compliance with the 24-hour notice of accident to the police, that the failure of Sims to file the 30-day notice of claim of a hit-and-run accident barred his uninsured motorist claim. Sims now contends that the lower court erred in classifying his accident as a “hit-and-run” collision. We agree.
The statement that Sims gave following the accident is totally inconsistent with a “hit-and-run” accident. He clearly believed that the accident occurred when the driver diverted his attention to the dashboard. He never saw any stopped black truck, and the vehicle passing in the opposite direction with the bright lights was never indicated to be the cause of the accident. We see no basis in the evidence for the trial court’s ruling that the claim fell within and was governed by the “hit-and-run” policy provisions.
A “hit-and-run” accident requires either physical contact with another vehicle or the presence of a phantom vehicle. A phantom vehicle is one which causes another vehicle to wreck without actual contact— such as when someone is forced off the road to avoid a head-on collision. If an injured party can sustain the burden of proof that such an accident did occur, he can recover regardless of the actuality of physical contact. Brown v. Progressive Mutual Insurance Co., 249 So.2d 429 (Fla.1971). Thus, in order for Sims to invoke uninsured motorist coverage based on a “hit-and-run” accident, he would be forced into swearing to a falsehood. He never saw nor believed there was any “phantom vehicle” involved.
This is an uninsured/underinsured automobile case and is subject to the more liberal “as soon as practicable” notice provision provided in the policy. Since neither the trial judge nor the parties confronted this issue, we do not decide whether Sims has complied with this more liberal time provision. Florida courts have uniformly held that the determination of what is a reasonable time depends on the circumstances and is ordinarily a question of fact for the jury or fact-finder. American Fire and Casualty Co. v. Collura, 163 So.2d 784 (Fla. 2d DCA 1964); Hartford Accident and Indemnity Co. v. Mills, 171 So.2d 190 (Fla. 1st DCA 1965).
Accordingly, we REVERSE the final summary judgment and REMAND for a new trial.
BOARDMAN and CAMPBELL, JJ., concur.