569 So.2d 1151 (1990)
Jennifer Toney LAWLER
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY and Michael Bridwell.
No. 07-CA-59093.
Supreme Court of Mississippi.
August 29, 1990.
Rehearing Denied November 7, 1990.
*1152 Earl L. Denham, Levi & Denham, Ocean Springs, for appellant.
Jay T. Golden, Fredrick B. Feeney, II, Franke Rainey & Salloum, Gulfport, for appellee.
En Banc.
SULLIVAN, Justice, for the Court:
This cause arises from a June 11, 1979, automobile accident in which Jennifer Toney Lawler, then age 17, was a passenger in an automobile owned and operated by Michael Bridwell, an uninsured motorist. While returning from New Orleans via Interstate 10, Bridwell's vehicle left the road near the Bay St. Louis or Diamondhead exit and collided with a bridge support. Because of the accident, Jennifer sustained serious and severe injuries which required approximately one month of hospitalization.
At the time of the accident, Jennifer's father, Leonard C. Toney, had an automobile insurance policy with GEICO in effect from August 8, 1978, through August 8, 1979. Among the coverages admitted under this policy on two covered vehicles was uninsured motorist coverage with a policy limit of $10,000 per person and $20,000 per accident. It appears that Jennifer qualified as an additional insured under that contract.
On November 6, 1982, Jennifer turned 21 years old. The record indicates that GEICO was first notified of this uninsured motorist accident by Jennifer on either December 30, 1985, or on March 3, 1986.
On May 5, 1986, Leonard Toney and Jennifer Toney Lawler filed suit against GEICO and Michael Bridwell in the Circuit Court of Jackson County. Jennifer sought personal injury damages while Leonard sued to recoup expenses incurred on behalf of his injured daughter.
GEICO moved for summary judgment, arguing the statute of limitations and that timely notice of the claim was not given. The Toneys filed a cross-motion for summary judgment. The Circuit Judge, after hearing oral arguments, granted GEICO's motion, holding:
that the Plaintiffs failed to provide the Defendant, Government Employees Insurance Company, with notice of the accident of June 11, 1979, until almost seven years after the accident, that the Plaintiffs' notice to Government Employees Insurance Company of the accident of June 11, 1979, was not given "as soon as practicable" ...
In dismissing the Toneys' complaint against Bridwell, no grounds were stated.

WAS THIS CASE PROPER FOR SUMMARY DISPOSITION?
We have held that in cases which turn upon the construction of an insurance contract, summary judgment is appropriate where the contract is without material ambiguities. Willis v. Miss. Farm Bureau Mut. Ins. Co., 481 So.2d 256, 258 (Miss. 1985). Because the insurance contract was not included in the record, it is impossible to determine whether or not the notice provision applied to the uninsured motorist coverage with no substantial ambiguities on material points. Therefore, this case was an inappropriate one for summary disposition.
Besides the obvious problem with interpreting something which is not in the record, the trial court's position is not tenable on other grounds as well. Where there *1153 is no genuine issue of material fact to be tried, the moving party is entitled to a summary judgment as a matter of law. However, the burden is on the party moving for summary judgment to establish that there is no genuine issue of fact. The nonmoving party receives the benefit of every reasonable doubt which exists as to whether a material issue of fact exists. Brown v. Credit Center, Inc., 444 So.2d 358, 362-63 (Miss. 1983).
In Harris v. American Motorist Insurance Company, 240 Miss. 262, 271, 126 So.2d 870, 874 (1961), this Court held, "[T]he question whether an insured in an action on a policy indemnifying him from liability or bodily injury or death, gave timely notice, `as soon as practicable' is a question of fact to be determined by the jury or the chancellor." (Emphasis added), (Citations omitted). Continuing at 126 So.2d page 875, we held that the question of whether an insurance company had been prejudiced by the breach of the provision in the policy requiring timely notice, was also a question of fact. Because the questions of timely notice and prejudice were questions of fact for the jury to decide, the circuit judge erred in granting GEICO's motion for summary judgment.

STATUTE OF LIMITATIONS
The manner in which the trial court construed the notice provision would allow insurance companies to contract around the statutory scheme imposed by our legislature. In Latham v. United States Fidelity & Guaranty Co., 267 So.2d 895 (Miss. 1972), this Court recognized that insurance contracts are subject to the general six year statute of limitations (in effect at that time) and that any change in such limitations as made by contract stipulation is null and void as an attempt to prescribe a shorter period of limitations than the applicable statute of limitations.
Jennifer was 17 when she was injured in the automobile accident. She did not pass the age of infancy until she reached her 21st birthday, November 6, 1982. See Miss. Code Ann. Sec. 15-1-59 (Supp. 1986). The applicable statute of limitations began to run against her at that time and did not expire until November 6, 1988. See Miss. Code Ann. Sec. 15-1-49 (Supp. 1986) (six year state of limitations then in effect). From the record before us, GEICO was notified of this claim well within the statute of limitations. (Appellant says notice was given December 30, 1985; GEICO says March 3, 1986).

UM ACT
The trial court's holding is also contrary to the clear language and policy behind our Uninsured Motorist Act. Miss. Code Ann. Sec. 83-11-101 (Supp. 1986), clearly and unambiguously provides:
No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle.

As pointed out many times before, "[t]he terms and provisions of the Mississippi Uninsured Motorist Coverage Act are written into every automobile liability policy issued in this state." Stevens v. U.S. Fidelity & Guaranty Co., 345 So.2d 1041, 1043 (Miss. 1977). Our UM statute is liberally construed so as to provide coverage. Harris v. Magee, 563 So.2d 583 (Miss. 1990); Cossitt v. Nationwide Mutual Insurance Company, 551 So.2d 879 (Miss. 1989); Wickline v. United States Fidelity And Guaranty Company, 530 So.2d 708 (Miss. 1988); Brown v. Maryland Casualty Company, 521 So.2d 854 (Miss. 1987); State Farm Mut. Auto. Ins. Co. v. Nester, 459 So.2d 787 (Miss. 1984); Gov. Emp. Ins. Co. v. Brown, 446 So.2d 1002 (Miss. 1984).
The policy and purpose behind this statute is to provide the same protection to one injured by an uninsured motorist as that individual would have if injured by a financially responsible driver. Stevens v. United States Fid. & Guar. Co., 345 So.2d 1041 (Miss. 1977); Southern Farm Bureau Cas. Ins. Co. v. Roberts, 323 So.2d 536 (Miss. 1975); Rampy v. State Farm Mutual Automobile Insurance Co., *1154 278 So.2d 428 (Miss. 1973). By the clear language of our UM Act, and this Court's construction of that statute, GEICO contracted to pay Jennifer for all sums which she would be legally entitled to recover as damages from Michael. Because Jennifer's cause of action against Michael Bridwell is not barred by our statutory scheme, her claim against GEICO is viable.
Quite simply, the nonprotection advocated by the trial court is contrary to the statutory language and the recognized purpose of our UM act. Our jurisprudence holds that we must enforce our UM Coverage Act as a valid expression of our legislature's interest in protecting innocent victims injured at the hands of financially irresponsible drivers. In recognizing this valid expression, we have consistently construed the Act to provide, not limit, protection.
The bottom line is that in interpreting our UM Act, we have consistently held that the injured party should be treated as if injured by a responsible party. More importantly, our statute commands that the injured party shall be able to recover from the UM carrier "all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle." Because our law allows Jennifer to sue Bridwell for damages, she is allowed to sue GEICO, the UM provider. Since uninsured motorist coverage was purchased, GEICO has an obligation to protect Jennifer as long as the claim against the uninsured motorist is permitted.
The summary judgment entered against Jennifer is reversed and this case is remanded for a new trial against Bridwell and GEICO.
REVERSED AND REMANDED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER and ANDERSON, JJ., concur.
ROBERTSON, J., ROY NOBLE LEE, C.J., and BLASS, J., dissent by separate opinion.
PITTMAN, ROBERTSON and BLASS, JJ., dissent by separate opinion.
ROBERTSON, Justice, dissenting:

I.
Today's appellant seeks to recover on the uninsured motorist coverage of her father's insurance policy, notwithstanding that she did not give her insurer notice of her claim for some six years and eight months after the claim-generating accident and some three years and four months after she turned twenty-one years of age. The Circuit Court dismissed her suit against the insurer, not on grounds of any statute of limitations but because of an heretofore-thought-enforceable policy provision requiring notice of claim as soon as practicable after a loss. I dare say there is no case known to the Anglo-American legal world that allows an insured to proceed after so tardy a notice  not, that is, until today.[1]
I suggest we've missed the boat. To say that timeliness of notice is a question of fact but begs the question. All questions courts decide are questions of fact in the majority's sense. The true question is whether there is enough of a basis for a disagreement on the answer that we ought not give it summarily. In more conventional language, is there a genuine issue of material fact?
The majority's quotation from and use of Harris v. American Motorists Insurance Company, 240 Miss. 262, 126 So.2d 870 (1961), are disingenuous. We have dozens of cases saying negligence is a question of fact, e.g., Andrews v. Jitney Jungle Stores of America, 537 So.2d 447, 450 (Miss. 1989), and others which, for lack of a genuine issue of material fact, hold the point may be decided summarily, e.g., Grisham v. *1155 John Q. Long V.F.W. Post. 519 So.2d 413, 416-17 (Miss. 1988). Speaking almost directly to today's question, Ross v. Crane Co., 350 So.2d 697 (Miss. 1977) held a sixplus year delay in giving notice of claim per se unreasonable and decided the point on a motion. See further, 8 Appleman, Insurance Law and Practice § 4734, pp. 46-48, n. 4 and accompanying text (rev. ed. 1981).
The suggestion that enforcing notice of claim clauses "would allow insurance companies to contract around" the statute of limitations is novel. No authority is cited, except Latham v. United States Fidelity & Guaranty Co., 267 So.2d 895 (Miss. 1972) which does not even indirectly support the majority's view. In fact, this Court long ago encountered this argument and soundly and thoroughly rejected it. See Aetna Life Ins. Co. v. Walley, 174 Miss. 365, 164 So. 16, 19, 20 (1935); Mutual Life Ins. Co. v. Hebron, 166 Miss. 145, 146 So. 445, 447 (1933); Berry v. Lamar Life Ins. Co., 165 Miss. 405, 142 So. 445, 446 (1932); see also New York Life Ins. Co. v. Alexander, 122 Miss. 813, 85 So. 93, 95 (1920). The notion that somehow the Uninsured Motorist Act intelligibly affects today's case escapes me. Of course that Act is read into the insurance policy, and of course the insurer undertakes to pay the insured for all sums he is legally entitled to recover from an uninsured motorist, but none of this strips the uninsured motorist (UM) insurance carrier of policy or common law defenses, which is what  and all  this case is about.
The majority's complaint of the absence of the actual policy from the record may be dismissed in a word. All parties below agreed on the language of the policy. At the very least, Lawler is estopped to deny what she agreed to below.[2]

II.

A.
The case for affirmance appears stronger when presented with more care.
Our law of contracts empowers persons to confer upon one another the right to have reasonably prompt notice of a claim on the contract, though the deadline be shorter than the statute of limitations. The reason why this is so is that notice of claim provisions protect different interests and serve other purposes distinct from statutes of limitations. We have heretofore, almost routinely, held notice-of-claim clauses enforceable according to their terms and a variety of insurance contexts. See Harris v. American Motorist Ins. Co., 240 Miss. 262, 126 So.2d 870, 873 (1961); Metropolitan Life Insurance Co. v. Lindsey, 184 Miss. 359, 185 So. 573 (1939); State Mutual, Etc., Insurance Co. v. Watkins, 181 Miss. 859, 180 So. 78, 80 (1938); Travelers Indemnity Co. v. Holiman, 174 Miss. 220, 164 So. 36, 38-39 (1935); Downing v. Home Indemnity Co. of New York, 169 Miss. 13, 152 So. 841, 842 (1934); Southern States Fire Ins. Co. v. Hand-Jordan Co., 112 Miss. 565, 73 So. 578, 579-80 (1917).
The Circuit Court grounded its decision in two provisions of the GEICO policy. The first was the requirement of notice of claims and provided
... that in the event of an accident, occurrence or loss, written notice containing particulars sufficient to identify the insured and also reasonable obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company [meaning GEICO] or any of its authorized agents as soon as practicable.

The second provision when read in connection with the first purports to relieve GEICO of any liability under the policy:
... that no action shall lie against the company [meaning GEICO] unless, as a condition precedent thereto, the insured or his legal representative has fully complied with all the terms of this policy.
I regard the first of these provisions enforceable according to its terms which, when applied to the not-materially-disputed facts, yields the first step toward *1156 judgment for GEICO. The second is subject to a prejudice test, as explained in Part IV below, but on this record a six year, eight month delay is presumptively prejudicial.

B.
We need be clear of a point I had thought not in issue. The notice-of-claims requirement is not limited to liability claims but is among the general conditions of the policy and applies to all coverages. Jennifer's suit and appeal accept and proceed on the premise that her obligation to give notice of claim applies to all possible claims under the policy.[3]
The policy requires notice "as soon as practicable" in the event of "an accident, occurrence or loss" upon which the insureds wish to make a claim. An event such as that of June 11, 1979, is just as much "an accident, occurrence or loss" whether the Toneys sought to invoke the liability, collision or uninsured motorist (UM) coverage of the policy. GEICO was complying with a statutory mandate when it included the UM coverage in the policy, but nothing in this suggests the insureds, Jennifer and her father, had any less obligation to give notice of an event that could give rise to a UM claim than in the case of a potential liability or collision claim. See Flamm v. Doe, 167 Ga. App. 587, 307 S.E.2d 105, 106 (1983); State Farm Mut. Auto Ins. Co. v. Tarantino, 114 Ariz. 420, 561 P.2d 744, 747 (1977); cf. Employers Mut. Cas. Co. v. Tompkins, 490 So.2d 897, 906 (Miss. 1986). What is important is that Jennifer does not argue that her UM claim is somehow exempt from the notice requirement, nor could she.[4] Jennifer's argument presumes that the clause is enforceable against them, only that the notice she gave was reasonable under the circumstances.

C.
Accepting that the notice clause controls today's case, we should then search for the *1157 meaning of the language there found. In considering similar words in the context of a Mississippi case, Young v. Travelers Insurance Co., 119 F.2d 877 (5th Cir.1941), perceptively points out that
... [t]he time words in the clause, "as soon as is practicable," are not words of precise and definite import. They are roomy words. They provide for more or less free play. They are in their nature ambulatory and subject under the guiding rule, to the impact of particular facts on particular cases. They do not in terms require immediate notice or notice within a particular number of days. They may not be so construed. They do not even provide for notice "as soon as possible." In terms, they require notice "as soon as practicable" and they must be construed as requiring the notice within a reasonable time under all the circumstances, to effectuate the objects and purposes of the notice clause.
Young, 119 F.2d at 880.
We have recognized the open textured nature of these words in Harris v. American Motorist Ins. Co., 240 Miss. 262, 126 So.2d 870 (1961).
Where a contract of insurance requires as a condition precedent to insurer's liability, that notice be given to the insurer within "a reasonable time" or "as soon as practicable" after an accident, or when a claim has been made ... such notice must have been given by the insured, or someone in his behalf, within the time agreed upon, unless there is a reasonable excuse offered by or for the insured, for his failure so to do... . Young v. Travelers' Insurance Company, 119 F.2d 877 ([5th Cir.1941]); Southern States Fire Insurance Company v. Hand-Jordan Company, 112 Miss. 565, 73 So. 578, 579-80 (1917).
Harris, 240 Miss. at 269, 126 So.2d at 870. Considering an analogous question, this Court has held that "due proof means proof within a reasonable time considering all the surrounding facts and circumstances... ." Metropolitan Life Ins. Co. v. Lindsey, 184 Miss. 359, 367, 185 So. 573, 575 (1939).
Notice clauses are not idle parts of a policy of insurance. I accept the insurer's interest in having notice of a possible claim adequate that it may conduct a reasonably contemporaneous factual investigation, see 8 Appleman, Insurance Law and Practice § 4731, pp. 2-6 (rev. ed. 1981). This interest is as legitimate in UM claims as any other, the majority's ruminations to the contrary notwithstanding. Reflection and experience make clear what a witness remembers three or four years later is simply not the same as what that witness knew shortly after an accident occurs, cf. Southern Railway Co. v. Lanham, 403 F.2d 119, 127-29 (5th Cir.1968). We have heretofore enforced notice clauses as a valid expression of the insurer's interest in prompt investigation. See, e.g., Downing v. Home Indemnity Co. of New York, 169 Miss. at 20, 152 So. at 842. In this view it is nearly impossible to imagine any set of circumstances where a delay of over six years in asserting a claim would be reasonable. See Ross v. Crane Co., 350 So.2d 697, 698-99 (Miss. 1977) (six-year delay per se unreasonable).
Following these leads, notice required "as soon as practicable" must be given within a reasonable time after the happening of the event insured against, considering the totality of the circumstances and particularly any that are beyond the control of the insured. See 13A Couch on Insurance 2d § 49:10 (1982). The word "practicable" imports notions of diligence. Matters discoverable with reasonable diligence are not beyond the control of the insured, though not known. The insured must give notice as soon as, with reasonable diligence, he or she may have discovered the facts giving rise to the claim and as soon as the mechanics of notice may reasonably have been accomplished.

1.
I am talking about Jennifer's duty to give notice, not her father's. I accept here the inevitability and reasonableness of some excusable delay due to her age (seventeen) at the time of the accident. See National Surety Corp. v. Wells, 287 F.2d 102, 107-08 (5th Cir.1961); State Farm *1158 Mut. Auto. Ins. Co. v. Alfarone, 62 A.D.2d 1034, 404 N.Y.S.2d 35, 36 (1978); Dairyland County Mut. Ins. Co. v. Roman, 498 S.W.2d 154, 158 (Tex. 1973). Jennifer fails to demonstrate, however, that, within any reasonable time, she made any inquiry into the matter of coverage under Leonard's insurance policy. After the lapse of a reasonable time, the fault for failing to discover the existence of coverage must be placed upon her. See Harris v. American Motorist Ins. Co., 240 Miss. 262, 270, 126 So.2d 870, 873 (1961); Aetna Life Ins. Co. v. Walley, 174 Miss. 365, 164 So. 16, 19 (1935); see also Cuzdey v. American Motorist Ins. Co., 45 A.D.2d 134, 357 N.Y.S.2d 143, 144-45 (1974). Nothing in Jennifer's (then) minority exempts her from an obligation to give notice. The Supreme Court of Texas put the point well, holding that a minor
is not entitled to enforce portions [policy coverages] that are favorable to him and at the same time disaffirm other provisions [notice of claim] that he finds burdensome.
Dairyland County Mut. Ins. Co. of Texas v. Roman, 498 S.W.2d at 158.

2.
Jennifer was not the named insured in the GEICO policy. She is an "additional insured," and the law is more lenient with such a person who may be unaware of coverage under the policy. American Home Assur. Co. v. Sand, 253 F. Supp. 942, 947 (D.Ariz. 1966); Wasson v. Atlantic National Ins. Co., 207 Cal. App.2d 464, 24 Cal. Rptr. 665, 668 (1962); Cinq-Mars v. Travelers Ins. Co., 100 R.I. 603, 218 A.2d 467, 472 (1966); see also 8 Appleman, Insurance Law and Practice §§ 4738 & 4745 at 98, 178 (1981). However, the additional, unnamed insured  like any other insured  must act reasonably and diligently in ascertaining the existence of insurance coverage. Wasson, 24 Cal. Rptr. at 668; Commercial Contractors Corp. v. American Ins. Co., 152 Conn. 31, 202 A.2d 498, 501 (1964); Zurich Gen. Acc. & Liab. Ins. Co. v. Chesterfield Homes, Inc., 18 Misc.2d 470, 188 N.Y.S.2d 891, 893-94 (App.Div. 1959); Safeguard Ins. Co. v. Trent, 52 Misc.2d 212, 275 N.Y.S.2d 671, 673-74 (Sup. Ct. 1966); Cinq-Mars, 218 A.2d at 472; Hartford Acc. & Indem. Co. v. Creasy, 530 S.W.2d 778, 781 (Tenn. 1975). Again, the insured  an additional insured  shoulders a duty of due diligence in obtaining knowledge of coverage.
In a case markedly similar to today's, the New York Supreme Court, Appellate Division, upheld the insurer's denial of coverage where a boy, seventeen years old at the time of his injury in a hit-and-run accident, failed to give notice of the claim until over two years after the accident occurred. Cuzdey v. American Motorist Ins. Co., 45 A.D.2d 134, 357 N.Y.S.2d 143 (1974). The boy was an additional insured under his father's automobile policy. While conferring with an attorney about an unrelated matter over two years later, the boy first became aware that he might have a claim under his father's policy. The policy required that notice be given within 90 days after the accident. While recognizing that infancy may sometimes provide a reasonable excuse for delay in filing, the court nevertheless found "the lack of any persuasive reason for failure to file the notice for over two years ... Under the circumstances [the boy] failed to give timely notice or to establish any reasonable excuse for such a long delay." Cuzdey, 357 N.Y.S.2d at 144-45; see also, Allstate Insurance Co. v. Furman, 84 A.D.2d 29, 445 N.Y.S.2d 236 (1981), aff'd 58 N.Y.2d 613, 458 N.Y.S.2d 532, 444 N.E.2d 996 (1982); Flamm v. Doe, 167 Ga. App. 587, 307 S.E.2d 105, 106 (1983).

D.
Accepting the admonition of these cases, Jennifer may not be held to a duty to give notice as strict as her father may have been. Her minority is one partial excuse. That she did not negotiate the contract with GEICO is another, but these go only to what was practicable. As a third party beneficiary desiring the benefits of the insurance contract, she must accept its burdens. One of those burdens is the duty to give notice of claim "as soon as practicable." She certainly knew she was in the *1159 accident and that she had experienced personal injuries and damages. If she wished to charge GEICO for those damages, she had a duty under the policy to act with diligence reasonable given her circumstances  her status as a seventeen-year-old and an additional insured  to discover possible coverage.
Jennifer suggests three reasons for her delay in giving notice: (1) her minority, (2) her disability and "prolonged treatment following her injuries" and (3) her ignorance of her father's policy's coverages. Beyond the law articulated above, common sense suggests each of these excuses some delay. Still, Jennifer offers no sense in which her age, seventeen, excuses a six year, eight month delay! Nothing in the record suggests her injuries precluded Jennifer giving serious thought to her plight within months  not years  after the accident. Eighteen months later she accepted the career choice that she must abandon her plans to become a model. She had mind enough to inquire of her father whether there was coverage under his policy, only to be told (mistakenly, it appears), no. She married. But a moment's reflection makes clear hundreds, if not thousands, of injured and infirm insureds are more disabled than Jennifer, and excusing her here would set precedent which, if followed, would eviscerate notice of claim clauses in insurance policies.
Jennifer's third excuse is her ignorance. Without doubt  as a minor and as an additional insured  she enjoys judicial lenience in her ignorance. Still, she may not escape her duty under the contract she seeks to enforce, and that duty is to give notice of claim as soon as practicable. The duty imports due diligence, which in turn imports at the very least within a reasonable time following the accident that she ask the identity of her father's insurer and then ask that insurer if there be coverage. Though she had her father's faulty advice, she relied at her peril upon it.
Jennifer has offered no facts from which a rational fact finder might find her notice timely. Her several excuses fail for lack of evidence or as a matter of law. In my view, there is no genuine issue of material fact on the question of timely notice. Without suggesting the temporal outer limits of the duty, I would hold that Jennifer's notice given six years, eight months after the fact was clearly not given "as soon as practicable." On this issue GEICO is of right entitled to judgment as a matter of law.

III.
There remains the question whether untimely notice per se avoids recovery. The Circuit Court held that it did, considering notice of claim a condition precedent to recovery on the policy. One commentator and the Fifth Circuit believe this our law: that, if the language of the insurance policy clearly makes timely notice a condition precedent to liability under the policy, the policy must be strictly construed and prejudice is not a factor. Comment, Insurance Notice Clauses in Mississippi, 44 Miss.L.J. 947, 964-66 (1973) and Bolivar County Bd. of Supervisors v. Forum Ins. Co., 779 F.2d 1081, 1085 (5th Cir.1986). However, the authorities these sources rely upon do not seem to settle the issue. In the cases the Fifth Circuit cites, the issue is whether prejudice should be considered in contracts where notice is not a condition precedent of liability. See Hartford Accident & Indem. Co. v. Hattiesburg Hardware Stores, Inc., 49 So.2d 813, 819 (Miss. 1951) and Employers Liab. Assur. Corp. v. Jones County Lumber Co., 111 Miss. 759, 72 So. 152 (1916). The law review article cites Harris which does not directly speak to the issue of prejudice.
In the context of uninsured motorist insurance, Rampy v. State Farm Mutual Automobile Ins. Co., 278 So.2d 428 (Miss. 1973) seems persuasive. Although dealing with the statutory requirement that the "named insured" give notice of suit against the uninsured tort-feasor, Rampy cited cases dealing with contractual provisions in insurance policies and stated:
The burden of proof is upon the insurer to show not only that the insured has failed to perform the terms and conditions invoked upon him by the policy *1160 contract but in addition that it was substantially prejudiced thereby. Squires v. National Mut. Ins. Co., 247 S.C. 58, 145 S.E.2d 673, 677 (1965).
Rampy, 278 So.2d at 434; See also, Hague v. Liberty Mutual Insurance Company, 571 F.2d 262, 267 (5th Cir.1978) (interpreting Mississippi law); and Brakeman v. Potomac Ins. Co., 472 Pa. 66, 371 A.2d 193, 197 (1977).
Following Rampy it seems our law should preclude an insurer avoiding liability on grounds of lack of timely notice unless the insurer can show substantial prejudice proximate to the late notice. For one thing, a prejudice requirement ameliorates incentives to litigation otherwise emanating from notice clauses, together with the arbitrary results certain to flow from multiple decisions construing and applying those "roomy words": "as soon as practicable." Second, absent prejudice we perceive no legitimate interest of insurers that might be thwarted by a late notice. We balance this view against the catastrophe the average citizen experiences from an uninsured loss and have little trouble concluding that prudent public policy points to a prejudice requirement. We feel force from the remedial policy of the Uninsured Motorist Act to provide protection to innocent insured motorists and passengers injured as a result of the negligence of financially irresponsible drivers. I would declare that, when seeking to avoid coverage under uninsured motorist coverage on grounds the insured failed to give notice as soon as practicable, an insurer may not prevail if it was not prejudiced thereby.
On the other hand, proving prejudice is often problematical. Delays of an inordinate length should be held presumptively prejudicial, albeit rebuttably so. Where a number of years have elapsed, common sense suggests investigation into the facts and circumstances of an accident is wholly impracticable. This is particularly so in a case such as this where there was no impact with the phantom police vehicle and no accident report filed with the proper authorities.
In the case sub judice, GEICO has (as of March, 1986) no practical objective means to investigate the accident. There is no police or accident report. Bridwell now thinks he filed an accident report with the Department of Public Safety, and, if he did and if this report could be found, it would likely contain much useful information about the accident. The report has not been found, perhaps because with the lapse of time with no activity it has been destroyed. Further, Jennifer must show Bridwell's negligence in order to recover. Bridwell says he was not negligent and the accident was caused by an unknown vehicle with no proof of contact. No physical evidence remains. The chances of running down the unknown emergency vehicle are nil. Common experience has taught that on occasions such as that in issue  an all day junket to a "rock" concert in New Orleans  persons frequently consume driver impairing drink or substances. Our law affords defenses where one voluntarily rides with a known impaired driver. See Hill v. Dunaway, 487 So.2d 807 (Miss. 1986); Saxton v. Rose, 201 Miss. 814, 29 So.2d 646 (1947). We will never know what evidence may have been unearthed had notice been given soon after the accident, but on this record in March of 1986 the trail was infinitely colder than it was back in 1979.
I regard such the delay here presumptively prejudicial. Jennifer offers only that Bridwell is available and can be asked what happened. This is inadequate to overcome the presumption of prejudice, as what Bridwell remembers today and what he may have remembered shortly after the accident are almost certainly two different things.
Bridwell's status as an uninsured motorist is problematical. Without doubt he was once paying insurance premiums for coverage on the vehicle he was driving at the time of the accident. Long before Jennifer gave notice, Bridwell disposed of that vehicle and all records have long since disappeared, nor does Bridwell remember who his insurer was.
In sum, on the matter of Jennifer's notice to GEICO, I would hold that, on the *1161 issues of reasonableness and prejudice, there are no genuine issues of material fact and that GEICO is entitled to judgment as a matter of law. The majority refuses to do so. With respect, I dissent.
ROY NOBLE LEE, C.J., and BLASS, J., join this opinion.
*1162 
*1163 
PITTMAN, Justice, dissenting:
Mississippi has fashioned no clear definition of the phrase "as soon as practicable" with regards to notice provisions within policies of insurance. Some federal case law exists which attempts to give what the federal courts believe Mississippi law to be. Among these are:
Hague v. Liberty Mutual Insurance Co., 571 F.2d 262 (5th Cir.1978). In Hague, the proof was unsure as to when the first notice to the insurer occurred. The district court found that no effort was made to report the accident giving rise to the claim for a period of two years. The Fifth Circuit reasoned that this gave Liberty Mutual a basis upon which to deny coverage for the accident. The rationale expressed was:
Interpreting Mississippi law, this court has said of the requirement that notice be given as soon as practicable "if it appears that the giving of the notice has been delayed longer than was reasonably required physically to give the notice, then the material question would be whether that delay caused prejudice." Young v. Travelers Insurance Co., 119 F.2d 877, 880 (5th Cir.1941). We also said that the words "as soon as practicable" are "roomy words" and that they provide for "more or less free play." Id. Even giving the phrase the broad interpretation required, we cannot justify the two-year delay in notifying the insurance company in this case.
Id. at 267.
Thus the test appears to be:
a. Was giving notice delayed longer than was reasonably required physically to give the notice? If so,
b. Did the delay cause prejudice to the insurer?
In West v. Bankers and Shippers Insurance Company of New York, 643 F. Supp. 992 (N.D.Miss. 1986), aff'd 814 F.2d 657 (5th Cir.1987) the District Court held that notice given three years after an original state court action was filed against the insured, and one and one-half years after a default *1164 judgment had been entered against the insured, was not notice given "as soon as practicable." Therefore, the court reasoned, the plaintiff could not maintain an action against the insurer.
The court in West held that:
a. "As soon as practicable" is vague in terms of defining the time frame in which notice is to be given;
b. The phrase is therefore to be liberally construed in favor of the insured. It does not require immediate notice or notice within a particular number of days, nor even notice "as soon as possible."
Id. at 994.
The court further discussed the reasons for the giving of notice, in that it allows the insurer to investigate a claim against the insured which may be covered by and under the terms of the policy. It allows the insurer to decide whether or not a claim should be settled without litigation, and if not, it allows the adequate preparation of a defense.
A delay of some seven months was ruled not to be "as soon as practicable" under Mississippi law by the Fifth Circuit in State of Mississippi v. Richardson, 817 F.2d 1203 (5th Cir.1987). In that case, during the seven month delay between discovery of the claim and giving notice, Hinds County Tax Collector "Jake" Richardson had settled a lawsuit by consent. The lawsuit concerned his irregular handling of penalties and interest which should have been collected by his office. The Fifth Circuit ruled that no direct notice was given to the insurer, and that had the insurer been given proper notice, it might have advised Richardson not to sign a consent judgment; thus demonstrating possible prejudice to the insurer.
Generally, what constitutes "as soon as practicable" is a question of fact to be decided by a jury. Couch on Insurance 2d § 49.40; § 49.80; § 49.81. But, the question may become a matter of law for determination by the court in some instances.
If the facts are undisputed. That is, if there are no litigated matters of proof regarding mitigating or excusing circumstances for delay in giving notice. If there are such extenuating circumstances, it is for the jury to say whether or not the delay was justifiable.
However, in this case the delay is so extreme as to allow the court below to decide as a matter of law that the delay is unacceptable and that even though there are mitigating circumstances, the delay is such that prejudice to the defendant is great and that the court may, as a matter of law, find that the notice was not filed "as soon as practicable."
While "as soon as practicable" is ordinarily a question of fact, and has been so held by this Court, there must be a time when the Court may intervene and declare that the delay is so extraordinary and so far off the mark that the "as soon as practicable" question is no longer one for the jury. To make it a question of law the court must find that: (1) information necessary to act was not unlawfully or unreasonably withheld from the plaintiff, (2) the plaintiff had sufficient time to act, and (3) there is probable prejudice to the defendant. To allow the jury to determine "as soon as practicable" in this instance is to render the term meaningless to the insured and the insurer and allows the potential claimant to delay so that "as soon as practicable" is ineffective. If the requirement to file "as soon as practicable" is valid (which it has been held to be) then the Court must give it some meaning. "As soon as practicable," while originally a question for the jury, is like the chameleon; it may become a question of law depending on the background. Here the Court found that the color had changed. What was a question of fact for the jury, has become a question of law for the Court.
ROBERTSON and BLASS, JJ., join this opinion.
NOTES
[1] I attach as an appendix a chart lining up the cases cited by the various parties, and setting forth which held timely and which did not. The chart speaks volumes. I encourage those who doubt the position I urge here in dissent to peruse the cases noted in 8 Appleman, Insurance Law and Practice, 48-72 (rev. ed. 1981), which makes clear that today's decision is an aberration.
[2] The majority accepts that there is enough of an insurance contract before the Court that Jennifer may sue GEICO on it. See Goose v. Gander.
[3] One may search the proceedings below and the briefs and arguments of counsel here and find no hint that, until today's majority uttered, it occurred to anyone that the notice-of-claim clause applied to the UM coverage in a way different from its application to all other coverages.
[4] See 2 Widiss, Uninsured and Underinsured Motorist Insurance § 16.2 (2d ed. 1987); No-Fault and Uninsured Motorist Automobile Insurance §§ 25.30 & 29.00 (1989).

The idea that notice provisions in uninsured motorist insurance might be unenforceable seems to be an issue as seldom raised as it is easily dispatched. See, e.g., State Farm Mut. Auto. Ins. Co. v. Tarantino, 114 Ariz. 420, 561 P.2d 744, 747 (1977) ("as soon as practicable" notice provision enforceable and not void for being contrary to purpose of uninsured motorist insurance). In the same vein this Court, in addressing the availability of punitive damages in the context of UM insurance, stated that "the uninsured motorist provision in question is nothing more than a contract to be enforced in accord with its terms and public policy." Employers Mut. Cas. Co. v. Tompkins, 490 So.2d 897, 906 (Miss. 1986).
The Federal Courts have taken this Court at its word that the "uninsured motorist coverage is nothing more than a contract...." In several cases, federal courts have considered notice provisions and other similar provisions without pausing for one moment to consider whether the provisions were enforceable. See Tucker v. Aetna Casualty & Surety Co., 801 F.2d 728, 732 (5th Cir.1986); Wilcher v. Michigan Mut. Ins. Co., 691 F. Supp. 1019, 1020-21 (S.D.Miss. 1988); Donahoo v. State Farm Mut. Auto. Ins. Co., 684 F. Supp. 911, 913-14 (N.D.Miss. 1987).
States addressing the issue accept that notice provisions apply to the uninsured motorist coverage under the policy. See, e.g., Middlesex Mut. Ins. Co. v. Wells, 453 F. Supp. 808, 809-10 (N.D.Ala. 1978) (applying Alabama law); State Farm Mut. Auto Ins. Co. v. Burgess, 474 So.2d 634, 636-37 (Ala. 1985); Sims v. American Hardware Mut. Ins. Co., 429 So.2d 21, 21-22 (Fla.Ct. App. 1982); McFarlane v. Merit Ins. Co., 58 Ill. App.3d 616, 16 Ill.Dec. 176, 374 N.E.2d 951, 952-54 (1978); Shipley v. Kentucky Farm Bureau Ins. Co., 747 S.W.2d 596, 597-98 (Ky. 1988); Lanzo v. State Farm Mut. Auto. Ins. Co., 524 A.2d 47, 50 (Me. 1987); Motor State Ins. Co. v. Benton, 35 Mich. App. 287, 192 N.W.2d 385, 386-87 (1971); Friend v. State Farm Mut. Auto. Ins. Co., 746 S.W.2d 420, 422-23 (Mo. Ct. App. 1988); Pennsylvania Gen. Ins. Co. v. Becton, 475 A.2d 1032, 1035-36 (R.I. 1984); Factory Mut. Liability Ins. Co. of America v. Kennedy, 256 S.C. 376, 182 S.E.2d 727, 728-30 (1971); Lee v. Lee, 732 S.W.2d 275, 276-77 (Tenn. 1987); Dairyland County Mut. Ins. Co. v. Roman, 486 S.W.2d 847, 851-53 (Tex.Ct.Civ.App. 1972) aff'd 498 S.W.2d 154 (1973); Finney v. Farmers Ins. Co., 21 Wash. App. 601, 586 P.2d 519, 524 (1978); Ehlers v. Colonial Penn Ins. Co., 81 Wis.2d 64, 259 N.W.2d 718, 720-22 (1977).