**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 11, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 04-61131
(Summary Calendar)

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

Plaintiff-Counter
Defendant-Appellant,

versus

JACK INMAN,

Defendant-Counter
Claimant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

American Bankers Insurance Company of Florida ("American Bankers") appeals the district

court's denial of American Bankers' motion to compel arbitration. Because we find the district court

properly concluded that MISS. CODE ANN. § 83-11-109 reverse preempts the Federal Arbitration Act

(FAA), 9 U.S.C. § 1 *et seq.* pursuant to the McCarran-Ferguson Act, 15 U.S.C. § 1101 *et seq.*, we

affirm.

## FACTUAL AND PROCEDURAL HISTORY

On March 28, 2003, Appellee Jack Inman was injured when the motorcycle that he was riding was struck from behind by another driver whose liability insurance coverage was only for $10,000. Because Inman's injuries were so extensive, he made a demand for $100,000 under the Underinsured Motorist Coverage pro vision of his insurance policy with American Bankers. American Bankers denied Inman's claim because he was not driving the vehicle covered by the policy when the accident occurred.

Inman's policy contained an arbitration provision requiring arbitration of any disputes or claims between the policyholder and the insurer. On October 14, 2003, American Bankers filed a motion to compel arbitration in accordance with the FAA in the district court for the Southern District of Mississippi. The central question before the district court was whether the MISS. CODE ANN. § 83-11-109 pursuant to the McCarran-Ferguson Act reverse preempts the FAA. The district court found that the FAA was reverse preempted and denied American Bankers' motion to compel arbitration, and in conjunction granted Inman's motion to dismiss pursuant to Rule 12(b)(6). American Bankers has since filed this timely appeal.

## STANDARD OF REVIEW

We review a district court's denial of a motion to compel arbitration *de novo*. See Keytrade USA, Inc. v. Ain Temouchent M/V, 404 F.3d 891, 893 (5th Cir. 2005). "The *de novo* standard of review applies when a motion to compel is denied as part of a motion to dismiss," Banc One Acceptance Corp. v. Hill, 367 F.3d 426, 429 (5th Cir. 2004). This court also reviews a district court's interpretation of a state law *de novo*. See Concise Oil & Gas P'ship v. La. Intrastate Gas Corp., 986 F.2d 1463, 1471 (5th Cir. 1993).

2

## DISCUSSION

American Bankers argues that the district court erred in denying its motion to compel arbitration. Specifically, American Bankers contends that § 83-11-109 does not reverse preempt the FAA pursuant to the McCarran-Ferguson Act because the state law is not "regulating the business of insurance" as the Act requires. We disagree, and for the following reasons we affirm the district court's denial of American Bankers' motion to compel arbitration.

Congress enacted the FAA in order to "reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." Gilmer v. Interstate/Johnson Lane Co., 500 U.S. 20, 24 (1991). The FAA permits an aggrieved party to file a motion to compel arbitration when an opposing "party has failed, neglected, or refused to comply with an arbitration agreement." Id. at 25; see also 9 U.S.C. § 4. With regard to uninsured motorist coverage, § 83-11-109 provides that "[n]o such endorsement or provisions shall contain a provision requiring arbitration of any claim arising under any such endorsement or provisions." Although federal law ordinarily preempts conflicting state law, the McCarran-Ferguson Act provides a narrow exception to this rule for state laws governing the insurance industry. Munich Am. Reinsurance Co. v. Crawford, 141 F.3d 585, 590 (5th Cir. 1998). The McCarran-Ferguson Act provides in pertinent part that "[n]o Act of Congress shall be construed to invalidate, impair, or supersede any law enacted by any State for the purpose of regulating the business of insurance . . . unless such Act specifically relates to the business of insurance." 15 U.S.C. § 1012(b).

Under the McCarran-Ferguson Act, a state law reverse preempts federal law only if: (1) the federal statute does not specifically relate to the "business of insurance;" (2) the state law was enacted

3

for the "purpose of regulating the business of insurance;" and (3) the federal statute operates to "invalidate, impair, or supercede" the state law. Munich, 141 F.3d at 590. The district court found that § 83-11-109 reverse preempted the FAA and invalidated the arbitration provision in Inman's insurance policy with American Bankers. We must decide whether§ 83-11-109 satisfies the three requirements of the McCarran-Ferguson Act.

This court expressly stated that "[t]here is no question that the FAA does not relate specifically to the business of insurance," Munich, 141 F.3d at 590; thus, the first requirement of the McCarran-Ferguson Act is satisfied. Additionally, the application of the FAA to enforce the arbitration provision would invalidate § 83-11-109; accordingly, the third requirement of the Act is also satisfied. American Bankers specifically challenges the district court's conclusion that the state law was enacted to "regulate the business of insurance," the second requirement of the McCarran-Ferguson Act.

The Supreme Court has articulated three factors a court must consider in evaluating whether a state regulates the business of insurance: (1) "whether the practice in question has the effect of transferring or spreading a policyholder's risk;" (2) "whether the practice is an integral part of the policy relationship between the insurer and the insured;" and (3) "whether the practice is limited to entities within the insurance industry." Union Labor Life Ins. Co. v. Pireno, 458 U.S. 119, 129 (1982). The Supreme Court noted that none of these factors is determinative, but examination of the factors may lead to the conclusion that a state law regulates the "business of insurance." Id. American Bankers contends that § 83-11-109 does not regulate the business of insurance because it does not meet the factors specified in Pireno. Therefore, American Bankers argues, § 83-11-109 does not satisfy the requirements of the McCarran-Ferguson and does not reverse preempt the FAA.

4

American Bankers does not dispute that the state law is limited to entities within the insurance industry; accordingly, we address only the first two Pireno factors, i.e., whether the law has the effect of transferring or spreading a policyholder's risk and whether the law is an integral part of the relationship between insurer and insured. 458 U.S. at 129.

American Bankers argues that § 83-11-109 does not have the effect of transferring or spreading a policyholder's risk and therefore does not meet the first Pireno factor. Section 83-11-109 is codified as part of the Mississippi Uninsured Motorist Coverage Act and "'[t]he terms and provisions of the Mississippi Uninsured Motorist Coverage Act are written into every automobile liability policy issued in the state.'" Lawler v. Gov't Employees Ins. Co., 569 So.2d 1151, 1153 (Miss. 1990) (citations omitted). Section 83-11-109 prohibits required arbitration of disputes stemming from the uninsured motorist coverage provisions of personal automobile insurance policies. The statute regulates risk by subjecting all policy disputes regarding uninsured/underinsured motorist coverage to the possibility of a jury trial. See Standard Sec. Life Ins. Co. of New York v. West, 267 F.3d 821, 824 (8th Cir. 2001)(reasoning that a prohibition on arbitration in insurance contracts spreads risk by introducing the possibility of jury verdicts) (citations omitted); accord McKnight v. Chicago Title Ins. Co., 358 F.3d 854, 858 (11th Cir. 2004). The purpose behind the statute is to protect those injured by uninsured and underinsured motorists. Lawler, 569 So.2d at 1153. Contrary to American Bankers' assertion that it is an arbitrary decision to prohibit arbitration in one type of contract, this is a determination by the Mississippi legislature to control the risks and harms caused by uninsured and underinsured motorists, see Id. We agree with the district court that § 83-11-109 has the effect of transferring or spreading a policyholder's risk and therefore the first Pireno factor weighs in favor of concluding § 83-11-109 regulates the business of insurance.

5

American Bankers also argues that § 83-11-109 is not an integral part of the insurer-insured relationship and thus fails to meet the second Pireno factor. On the contrary, § 83-11-109 is an integral part of the insurer-insured relationship because it controls how disputes regarding uninsured/underinsured motorist coverage will be resolved. See West, 267 F.3d at 823 (holding that a Missouri state law excepting insurance contracts from an arbitration law regulated the business of insurance because it applied to the processing of disputed claims and had a substantial effect on the insurer-insured relationship); accord McKnight, 358 F.3d at 858; Mut. Reinsurance Bureau v. Great Plains Mut. Ins. Co., 969 F.2d 931, 933 (10th Cir. 1992). Section 83-11-109 requires that an injured party be able to recover from the insurance provider "all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle." Lawler, 569 So.2d at 1154. As such, the statute is an integral part of the policy relationship between the insurer and insured and therefore satisfies the second Pireno factor, weighing in favor of our conclusion that § 83-11-109 regulates the business of insurance. As the district court correctly concluded, § 83-11-109 regulates the business of insurance and therefore satisfies the requirements of the McCarran-Ferguson Act. Accordingly, § 83-11-109 reverse preempts the FAA.

CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court to deny American Bankers' motion to compel arbitration.

AFFIRMED.

6