# United States Court of Appeals
## For the First Circuit

No. 19-2083

MIGUEL A. TORRES-BURGOS,

Plaintiff, Appellant,

v.

CROWLEY LINER SERVICE, INC.,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Jay A. Garcia-Gregory, U.S. District Judge]

Before

Howard, Chief Judge,
Thompson and Barron, Circuit Judges.

Fredeswin Pérez-Caballero, with whom Pérez-Caballero Law Office was on brief, for appellant.
Raquel M. Dulzaides, with whom Edgardo A. Vega López and Jiménez, Graffam & Lausell were on brief, for appellee.

April 29, 2021

**BARRON**, **Circuit Judge**.  In this appeal, Miguel Torres-Burgos ("Torres") contends that the United States District Court for the District of Puerto Rico erred in granting summary judgment to his former employer on his challenge to an arbitral award in favor of the employer.  In that arbitral award, the arbitrator had found that the employer's summary dismissal of Torres from his job violated neither its collective bargaining agreement with his union nor a Puerto Rico law that protects employee rights.  We affirm.

## I.

Torres had been an employee of Crowley Liner Service, Inc. ("Crowley"), a maritime shipping company, since 1994.  In 2015, Torres was an office clerk for Crowley's Car Division in San Juan, Puerto Rico.  But, Crowley summarily dismissed Torres from this job on June 25, 2015.

At the time, Torres was a member of Unión de Tronquistas de Puerto Rico, Local 901 (the "Union"), which had entered into a Collective Bargaining Agreement ("CBA") with Crowley.  The CBA provided, among other things, that an employee of Crowley may be summarily dismissed from employment for "offering false information with the purpose of defrauding the Company or the customers of the Company."  Article XV, § 1 of the CBA.

Torres challenged the dismissal through the Union pursuant to Article XIII, § 2 of the CBA by filing a complaint and

- 2 -

submitting the grievance to arbitration at the Puerto Rico Department of Labor and Human Resources. He did so on the ground that he had not offered "false information with the purpose of defrauding the Company or the customers of the Company," Article XV, § 1 of the CBA, and thus that the summary dismissal violated the CBA as well as Puerto Rico's Wrongful Discharge Statute ("Law 80"), which requires that summary dismissals be based on just cause, see P.R. Laws Ann. tit. 29, §§ 185a-185n.

The arbitration hearing took place on April 27, 2017. Torres's direct supervisor, Jorge Escoda-Santiago ("Escoda"), testified on behalf of Crowley at the hearing. In his testimony, he stated that he had asked Torres on June 24, 2015, whether Torres's work was up to date, and that Torres had claimed that it was. But, Escoda further testified, he later found three days' worth of unprocessed documents in Torres's desk.

Torres also testified at the arbitration hearing. He did not dispute in his testimony that the unprocessed documents had been found in his desk. Rather, he testified that he had been the victim of a conspiracy and denied hiding the documents at issue.

On July 17, 2018, the arbitrator issued an arbitral award dismissing Torres's complaint. The arbitrator found that Escoda's testimony was credible, but that Torres's was not. On that basis,

the arbitrator ruled that the summary dismissal comported with Article XV, § 1 of the CBA and also with Law 80.

Torres then filed a petition for judicial review of the arbitration award in a local Puerto Rico court. Crowley removed the case to the United States District Court for the District of Puerto Rico, and the District Court thereafter granted Crowley's motion for summary judgment and dismissed Torres's petition for judicial review. Torres timely appealed.

**II.**

Torres contends that we must reverse the District Court's grant of summary judgment to Crowley because the arbitrator's ruling was in manifest disregard of the law.[1] Reviewing the decision of the District Court de novo, see Cytyc Corp. v. Deka Prods. Ltd. P'ship, 439 F.3d 27, 32 (1st Cir. 2006), we conclude that there is no merit to this contention, even assuming that an arbitral ruling may be overturned on such a ground, see Hall St. Assocs. v. Mattel, Inc., 552 U.S. 576, 585 (2008) (questioning whether the doctrine of "manifest disregard of the law" provides an independent ground for vacating an arbitration award separate from the grounds enumerated in the Federal Arbitration Act); Mountain Valley Prop., Inc. v. Applied Risk

---

[1] Because Torres does not challenge the District Court's holding that he must pay Crowley's litigation costs pursuant to Article XIII, § 8 of the CBA, we consider that issue waived.

- 4 -

<u>Servs., Inc.</u>, 863 F.3d 90, 94-95 (1st Cir. 2017) (assuming arguendo the common-law doctrine's continued validity where no manifest disregard of the law occurred).

Torres first argues that the arbitrator manifestly disregarded Article XV, § 1 of the CBA by ruling for Crowley after merely finding that Torres had acted dishonestly and without also finding that he had done so "with the aim of defrauding the Company." But, at the beginning of his written ruling, the arbitrator quoted the relevant provision of the CBA in its entirety, and, near the end of the ruling, the arbitrator reiterated that provision by stating: "Article XV, Disciplinary Actions, Section 1 of the Collective Bargaining Agreement between Crowley and the Union establishes a list of reasons why an employee would be summarily terminated. These include offering false information <u>with the aim of defrauding the Company</u> or the customers of the Company." (emphasis added). The arbitrator then concluded that this provision had been satisfied because "the complainant . . . lied to his supervisor." Thus, read as a whole, the arbitrator's written ruling does not support Torres's contention that the arbitrator failed to find that Torres had lied with the purpose of defrauding Crowley. <u>See</u> <u>Ebbe</u> v. <u>Concorde Inv.</u> <u>Servs., LLC</u>, 953 F.3d 172, 177 (1st Cir. 2020) (finding no manifest disregard of the law where there was "no showing that 'the arbitrator recognized the applicable law, but ignored it'"

(quoting Raymond James Fin. Servs., Inc. v. Fenyk, 780 F.3d 59, 64 (1st Cir. 2015))).

Torres also argues that the record developed at the hearing before the arbitrator sets forth no facts that could support a finding that he aimed to defraud Crowley, even if he had been dishonest, and that for this reason, too, the arbitrator manifestly disregarded the relevant provision of the CBA in finding that the summary dismissal comported with it. But here, again, we disagree.

In pressing this aspect of his challenge, Torres appears to be relying on the same premise on which he relied below -- that there needed to be evidence that he made "[a]n intentional misrepresentation to deceive another into surrendering money" to support a finding that he offered "false information with the purpose of defrauding" Crowley. But, even if we were to accept that premise, the arbitrator found that Torres had, during the course of his employment, hidden three days' worth of work in his drawer and then lied to his supervisor that his work was up to date. Thus, the evidence sufficed to support a finding that Torres had made an "intentional misrepresentation" about the state of his work "to deceive" Crowley "into surrendering money" to him by continuing to pay him a salary.

Finally, Torres argues that the arbitrator manifestly disregarded the law based on Law 80, which Torres contends

separately barred Crowley from summarily dismissing him based on dishonesty alone and in the absence of his having acted dishonestly with the aim of defrauding the company.[2]  But, even if we were to assume that Torres was right about what Law 80 requires, this contention about how the arbitrator manifestly disregarded the law fails for the same reasons that his similar challenge based on the CBA fails:  the evidence did suffice to support a finding that he had lied to his supervisor with the aim of defrauding the company.

### III.

For the reasons that we have given, the order granting summary judgment is **affirmed.**

---

[2]  Torres nowhere contends that the CBA or Puerto Rico law required any misrepresentation made with the requisite intent to be a material one.  Accordingly, he argues neither that the arbitrator overlooked any such requirement nor that the evidence was insufficient to support a finding of materiality.